**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEITH DOUGHERTY,** *et. al*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:17-CV-01541-JFC |
| | ) | |
| **JARED DUPES,** *et. al*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

CONTI, Chief District Judge of the United States District Court for the Western District of Pennsylvania[1]

## I.      BACKGROUND

Plaintiff Keith Dougherty ("plaintiff" or "Dougherty"), *pro se*, instituted this action on August 28, 2017 against "Jared Dupes PA Department of Revenue Bureau of Compliance In his 'individual and Supervisory Capacity;'" "Commonwealth Court Clerk In its Executive and Official Capacity;" "Christopher Conner IN his Executive Function;" "Caldwell, Jones, Carlson, Blewit, Welsh, 'in their official capacity;'" and "PA Unified Judiciary" "IN their 'official capacity,'" by paying the filing fee and filing a complaint against these defendants. (ECF No. 1). The Civil Cover Sheet filled out by Dougherty indicates in section IV with respect to the nature of the suit that this is an action to challenge "the constitutionality of state statutes." (ECF No. 1-2). Under section VI with respect to the claim, it indicates that the claim also is brought under 42 U.S.C. § 1985 and 28 U.S.C. § 1654, and notes under the "description of cause" that the action

---

[1] On November 1, 2017, this matter was assigned to the undersigned by Order of Designation of the United States Court of Appeals for the Third Circuit. (ECF No. 27).

asserts a claim for "[c]onspiracy to deny access to all courts 'definition of person.'" (ECF No. 1-2).[2]

As best the court can glean from the 140-page complaint, Dougherty is contesting, at least in part and apparently yet again, various prior actions, decisions and rulings by individuals, governmental entities, judges, and courts stemming from his attempted representation in various courts of Docson Consulting, LLC, of which he is the sole member and which was not permitted because Dougherty is not a licensed attorney. Dougherty also seeks a jury award against the defendants in excess of $200,000,000.00. (ECF No. 1 at 78).

Dougherty, who is a registrant approved to use the Case Management/Electronic Case Files ("CM/ECF") system, which is part of the Federal Judiciary's comprehensive case management system, has made numerous filings on the docket for consideration by the court since the filing of the complaint. These filings include documents attempting to show service, (ECF Nos. 10, 11, 12 [affidavits of service]), and include motions for default and default judgment, with respect to various defendants he believes are in default after service. (ECF Nos. 13, 22, 23, 24, 25, 31, 33, 34, 36, 39, 40, 43, 44, 45, 48, 65, 67, 69). Many of the filings are repetitive motions regarding default, some of which are contained within motions ostensibly on other subject matter. In general, the descriptions entered on the docket by Dougherty for his filings are unique, see, e.g., (ECF No. 23 entered on the docket as "Fifth Motion to Clarify Default/Motion to Expedite *We need 'progress;'*" ECF No. 65 entered on the docket as "MOTION to Certify *Windsor Notification*, MOTION to Clarify *8371 Declaratory JUdgment*, Fifth MOTION to Consolidate Cases *LLC*, MOTION for Declaratory Judgment *Peter Welsh*

---

[2] Dougherty also checked the box to indicate that he intends for the action to be a class action under Federal Rule of Civil Procedure 23 and that he is requesting a jury trial. (ECF No. 1-2).

*55(a)*, MOTION for Discovery"), and often do not match the title indicated on the uploaded document. <u>Compare</u>, <u>e.g.</u>, (ECF No. 3 docket entry "Motion for Declaratory Judgment") <u>with</u> (ECF No. 3 uploaded document entitled "Praecipe to Supplement Exhibits").[3]

The following are motions the court has discerned relate to the requests for default and default judgment:

- Motion for Entry of Default as to PA Unified Judiciary and Jared Dupes (ECF No. 13);
- PRAECIPE TO ISSUE WRIT OF EXECUTION Default as to PA (ECF No. 16);
- Third Motion to Supplement Default (ECF No. 22);
- Fifth Motion to Clarify Default/Motion to Expedite *We need "progress"* (ECF No. 23);
- First Motion to Clarify *No Brief will be filed* (ECF No. 24);
- Motion for Entry of Default *United States Judiciary* (ECF No. 25);
- Fifth Motion for Declaratory Judgment, First Motion for Entry of Default *No Brief* (ECF No. 31);
- Request for Entry of Default (ECF No. 33) (which is a one-page filing with no caption);
- Motion to Compel "*mandatory claim processing rules,*" (ECF No. 34);
- Supplemental Joinder Complaint (ECF No. 36);
- Motion to Supplement *Rule 38 Details,* MOTION for Order to Show Cause *Why Default has not Been Entered* (ECF No. 39);
- MOTION to Enforce *No Brief Will Be filed*, MOTION for Entry of Default (ECF No. 40);
- Motion for Preliminary Injunction *Default "scheduling order,"* Motion for hearing *Praecipe to "add"* (ECF No. 43);
- Motion to Approve Consent Judgment *No Brief Will Be filed* (ECF No. 44);
- Motion to Expedite *No Brief*, Emergency Motion for Hearing *Teleconference* (ECF No. 45);
- Motion to Approve Consent Judgment *Track to Run On* (ECF No. 48);
- MOTION to Certify *Windsor Notification*, MOTION to Clarify *8371 Declaratory Judgment*, Fifth MOTION to Consolidate Cases *LLC,* MOTION for Declaratory Judgement *Peter Welsh 55(a)*, MOTION for Discovery (ECF No. 65);
- Motion to Supplement Default "FBI Feckless" 18 USC § 371 (ECF No. 67); and
- Motion for Default Judgement as to RCT 101 Appendix (ECF No. 69).

---

[3] The court will address motions and filings unrelated to the matter of service by subsequent orders as appropriate.

In the present posture of this action, to the extent any filing is presently on the docket and is construed by the court as a motion for default or default (ECF Nos. 13, 16, 22, 23, 25, 33, 34, 39, 40), the motions will be denied due to lack of service of process as discussed more fully below.   To the extent the motion or request is either to supplement plaintiff's other prior filings with the matters contained therein or indicates no additional brief would be filed, (ECF Nos. 3, 22, 24, 31, 39, 40, 44, 45, and 67), the motion or request will be granted <u>only</u> with respect to the request to supplement and not file an additional brief.   With respect to remaining motions that the court discerns are related to another request, but also include the request for default or default judgment therein, (ECF Nos. 24, 31, 36, 43, 44, 45, 48, and 65), the court will deny the request for default and default judgment, and defer ruling on the portion of the motion related to another request.   Finally, the court will enter a show cause order with respect to service upon defendants other than Jared Dupes in his individual capacity and the Commonwealth Court Clerk and Pennsylvania Unified Judiciary in their official capacities as detailed below.

## II.     SERVICE OF PROCESS REQUIREMENTS

Service of original process (also "service of process") in actions brought in federal court is governed by Federal Rule of Civil Procedure 4 ("Rule 4").   Pursuant to Rule 4, the plaintiff is responsible for serving upon a defendant the court issued summons that directs and notifies the defendant to appear and defend in the issuing court together with a copy of the complaint.   Fed. R. Civ. P. 4(a)(1), 4(c)(1).   Service of process in accordance with Rule 4 is required and a plaintiff proceeding *pro se* is not excused from compliance with its dictates.   <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); <u>Veal v. United States</u>, 84 F. App'x 253, 256 (3d Cir. 2004); <u>McMasters v. United</u>

States, 260 F.3d 814, 817-818 (7th Cir. 2001) (there must be compliance with the directives of Rule 4 and that plaintiff is *pro se* does not excuse failure to comply with Rule 4); Olson v. Edwards, No. 11-CV-072-MJR-PMF, 2013 WL 252468, at *4 (S.D. Ill. Jan. 23, 2013)("substantial compliance" with service of process rules insufficient).

"[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 444–45 (1946). Service of process is absolutely necessary to obtain jurisdiction over the defendant sued.

> Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. . . .Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the defendant.

Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104–05 (1987). "Although the questions of personal jurisdiction and service of process are closely interrelated, service of process is merely **the means** by which a federal court gives notice to the defendant and asserts jurisdiction over [the defendant]." 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (2004) (emphasis added).

In the United States District Court for the Middle District, the summons for service are issued electronically *via* the CM/ECF system to the counsel for a plaintiff or to a *pro se* plaintiff, such as Dougherty, who is a CM/ECF registrant. As indicated on the docket, Dougherty on August 29, 2017 was electronically provided *via* CM/ECF with a "Summons Packet" directing service of the summons with a copy of the complaint upon each of the defendants in the manner prescribed by Federal Rule of Civil Procedure 4. (ECF No. 2).

Service as required by Federal Rule of Civil Procedure 5 ("Rule 5"), which governs the required service of documents **other than** the original service of process, should not be confused with service of process governed by Rule 4.[4]   The court notes that the filing of permissible documents on the docket through the CM/ECF system ordinarily provides service of those documents to parties or attorneys representing parties who are registered in the CM/ECF system in accordance with Rule 5(b)(2)(F), but neither filing in the CM/ECF system nor the provisions for serving a paper filed in court by mailing it in accordance with Rule 5(b)(2)(C) substitutes for the required service of process, *ie.*, service of summons with the complaint in accordance with Rule 4.[5]

---

[4] Likewise, Pennsylvania rules governing service of original process should not be confused with Pennsylvania rules of service with respect to other filings.   Compare, e.g., PA. R. CIV. P. 422 (service of original process upon Commonwealth, officer of the Commonwealth, or instrumentality of the Commonwealth or a member thereof) and PA. R. APP. P. 106 (providing that in matters brought before an appellate court within its original jurisdiction "the practice and procedure . . . shall be in accordance with the appropriate general rules applicable to practice and procedure in the courts of common pleas, so far as they may be applied."), with PA. R. CIV. P. 440 (service of legal papers other than original process); PA. R. APP. P. 121 (service of legal papers in appellate matters other than service of original process).

[5] Indeed, the docket entry on August 29, 2017 associated with the issued summons in this matter provides that the summons are "for service on Defendant(s) in the manner prescribed by Rule 4 of the Federal Rules of Civil Procedure."   (ECF No. 2).   Additionally, Standing Order 05-6 of the United States District Court for the Middle District of Pennsylvania with respect to "Electronic Case Filing Policies & Procedures" states:

> **12. Service of Documents by Electronic Means**.
> 12.1 Service of Process
> Fed.R.Civ.P. 5(b) and Fed.R.Crim.P. 49(b) do **not** permit electronic service of process for purposes of obtaining personal jurisdiction, i.e., Rule 4 service. Therefore, service of process must be effected in the traditional manner.

Standing Order 05-6.

The summons together with the complaint must be properly served upon each defendant, FED. R. CIV. P. 4(c)(1), unless a waiver of service executed by an individual, corporation or association is obtained, which is permitted under Rule 4(d). FED. R. CIV. P. 4(d). Proof of service upon each defendant must be submitted to the court by affidavit, or, in the event a waiver of service is obtained, the plaintiff must file the waiver with the court. FED. R. CIV. P. 4(l)(1), 4(d)(4). A defendant is not properly brought before the court in the matter if it has not been served with process, Grand Entertainment Group, Ltd. V. Star Media Sales, Inc., 988 F.2d 476, 492 (3d Cir. 1993) ("A district court's power to assert *in personam* authority over parties defendant is dependent not only on compliance with due process but also on compliance with the technicalities of Rule 4."), and the defendant has no duty to defend against the complaint until such time as it properly has been served. Scott v. District of Columbia, 598 F.Supp.2d 30, 36 (D.D.C. 2009); see Sullivan v. Salt River Project Agric. Improvement and Power Dist., No. CV-12-1810, 2012 WL 12921040, at * 1 (D. Ariz. Dec. 28, 2012); Fed. R. Civ. P. 12(a) (providing time after service of process to respond).

The relevant portions of Rule 4 governing service of process in civil actions in federal court expressly provide:

Rule 4. Summons

 **(a) Contents; Amendments.**
(**1**) *Contents.* A summons must:
(**A**) name the court and the parties;
(**B**) be directed to the defendant;
(**C**) state the name and address of the plaintiff's attorney or--if unrepresented--of the plaintiff;
(**D**) state the time within which the defendant must appear and defend;
(**E**) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;
**\*\*\*\***

**(b) Issuance.** On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons--or a copy of a summons that is addressed to multiple defendants--must be issued for each defendant to be served.

**(c) Service.**

**(1)** *In General.* A summons must be served with a copy of the complaint. **The plaintiff is responsible for having** the summons and complaint served within the time allowed by Rule 4(m) and **must furnish the necessary copies to the person who makes service**.

**(2)** *By Whom.* **Any person who is at least 18 years old and not a party may serve a summons and complaint**.

**(3)** *By a Marshal or Someone Specially Appointed.* At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. . . .

****

**(e)** **Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, **an individual**--other than a minor, an incompetent person, or a person whose waiver has been filed--**may be served** in a judicial district of the United States by:

**(1)** **following state law for serving a summons in an action brought in courts of general jurisdiction in the state** where the district court is located or where service is made; **or**

**(2)** doing any of the following:

**(A)** **delivering a copy** of the summons and of the complaint to the individual personally;

**(B)** **leaving a copy** of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; **or**

**(C)** **delivering a copy** of each to an agent authorized by appointment or by law to receive service of process.

****

**(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.**

**(1)** *United States.* To serve the United States, a party must:

**(A)(i)** **deliver a copy** of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--**or**

**(ii)** **send a copy** of each **by** registered or **certified mail to the civil-process clerk at the United States attorney's office**;

**(B)** **send a copy** of each **by** registered or **certified mail to the Attorney General of the United States** at Washington, D.C.; **and**

**(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

**(2)** *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* **To serve** a United States agency or corporation, or **a United States officer or employee sued only in an official capacity, a party must serve the United States** **and** also **send a copy** of the summons and of the complaint **by** registered or **certified mail to the** agency, corporation, **officer, or employee**.

**\*\*\*\***

**(j) Serving a Foreign, State, or Local Government.**

**\*\*\*\***

**(2)** *State or Local Government.* A state, a municipal corporation, or any other state-created governmental organization **that is subject to suit** must be served by:

**(A)** **delivering a copy** of the summons and of the complaint to its chief executive officer; **or**

**(B)** **serving a copy** of each in the manner prescribed **by that state's law for serving a summons or like process** on such a defendant.

**\*\*\*\***

**(l) Proving Service.**

**(1)** *Affidavit Required.* Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.

**\*\*\*\***

**(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, **the court**--on motion or **on its own** after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

FED. R. CIV. P. 4 (emphasis added).

Suit against a defendant in an official capacity is just another way of bringing suit against the entity of which the official or officer is an agent.   Kentucky v. Graham, 473 U.S. 159, 165 (1985).   Therefore, service of a defendant sued in an official capacity must comply with the dictates of Rule 4(i)(1) **and** (2) for officers or employees of the United States, and must comply with Rule 4(j)(2) for officers and employees of state or local governmental entities.   To the extent an individual is sued in his or her individual capacity, service upon an individual must follow Rule 4(e).

The manner of service instructed in Rule 4 permits alternative compliance with state service of process procedure for the state in which the federal court is located for service of process upon:   a) an individual sued in their individual capacity pursuant to Rule 4(e)(1) ("following state law for serving a summons in an action brought in courts of general jurisdiction"), and b) state and local governmental entities and employees of state and local government entities sued in their official capacities, which in turn is in essence suit against the state or local government entity of which the official or officer is an agent, <u>Graham</u>, 473 U.S. at 165, pursuant to Rule 4(j)(2)(B) (serving the summons and complaint in the manner prescribed for serving a summons or like process on such a defendant).   FED. R. CIV. P. 4(e)(1) & (j)(2)(B). Because this court sits in Pennsylvania and the defendants are in Pennsylvania, the court must consider the Pennsylvania procedure for service of process as it relates to Rule 4(e)(1) and (j)(2)(B).   To the extent a plaintiff proceeds to serve original process under state service of process rules, the plaintiff may not "pick and choose individual provisions from the federal and Pennsylvania rules to manufacture proper service," <u>Infantino v. W. Wyoming Borough</u>, No. CIV.A. 3:12-2539, 2013 WL 1345628, at *3 (M.D. Pa. Apr. 2, 2013), and must comply with **<u>either</u>** the federal procedure **<u>or</u>** the state procedure incorporated into Rules 4(e)(1) and (j)(2)(B). <u>Infantino</u>, 2013 WL 1345628, at *3.

Pennsylvania law, like federal law, requires strict compliance with its service of process rules. <u>Cintas Corp. v. Lee's Cleaning Servs., Inc.</u>, 700 A.2d 915, 917 (Pa. 1997) ("Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed.").   Pennsylvania Rules of Civil Procedure 400 to 430 (hereinafter referred to as "Pennsylvania Rule ___") govern service generally in the state's courts of general jurisdiction, <u>ie</u>., the state's trial courts.   Pennsylvania

Rules 400 designates who may make service.   <u>McCresh v. City of Philadelphia</u>, 868 A.2d 664, 671 (Pa. 2005).[6]   Pennsylvania Rule 402 provides for the manner of service and Pennsylvania Rule 403 governs service of process by mail providing expressly that it is permitted only "[i]f a [Pennsylvania] rule of civil procedure authorizes original process to be served by mail."   Pa. R. Civ. P. 403.   The rules governing service of process outside the Commonwealth, Pennsylvania Rule 404; service of process in domestic relations, Pennsylvania Rule 1930.4(b); and service of process pursuant to special order of court, Pennsylvania Rule 430, provide the authorization for service of process by mail but are inapplicable here.   <u>See</u> Explanatory Comment to Pennsylvania Rule of Civil Procedure 403.

Pennsylvania Rule 400 governing "Person to Make Service" instructs that service ordinarily must be made by the Sheriff, but in certain limited cases may be made by a "a competent adult," which, similar to the federal rule, is defined as "an individual eighteen years of age or older **who is neither a party** to the action nor an employee or a relative of a party."   PA. R. CIV. P. 76 (defining "competent adult") (emphasis added); PA. R. CIV. P. 400 (indicating sheriff may serve and, in some circumstances as indicated in other Pennsylvania rules relating to service, a competent adult).   Under Pennsylvania Rule 400(b) service of process by a competent adult instead of a sheriff may be made in actions seeking injunctive relief under Pennsylvania Rule of Civil Procedure 1531, Pennsylvania Rule 400(b)(1); seeking partition, Pennsylvania Rule 400(b)(2); and actions for a "declaratory judgment when declaratory relief is the only relief sought," Pennsylvania Rule 400(b)(3).

---

[6] Pennsylvania Rule 400.1 governs service in an action commenced in the First Judicial District, which is Philadelphia County, and is not relevant here.

Pennsylvania Rule of Civil Procedure 422, governing service upon the Commonwealth of

Pennsylvania and its political subdivision, provides:

> Rule 422. The Commonwealth and Political Subdivisions
>
> (a) **Service of original process upon the Commonwealth** or an officer of the Commonwealth, or a department, board, commission or instrumentality of the Commonwealth, or a member thereof, **shall be made** at the office of the defendant **and** the office of the attorney general **by handing** a copy to the person in charge thereof.

PA. RULE CIV. P. 422(a) (emphasis added).

Under the Pennsylvania rules, a defendant may accept service in *lieu* of service of

process by the defendant or his agent **executing** an appropriate acceptance of service document

**and** by the defendant **filing** it in court. PA. R. CIV. P. 402(b).

In a federal action, a party may choose to appear and file a motion to dismiss based upon

insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5) or defects in

the process under Rule 12(b)(4).[7]   If a defendant appears **and** files a responsive motion or

---

[7] The misnaming of a party in the summons may be challenged under Rule 12(b)(4).

> An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, therefore, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons.   A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint. . . .
>
> Although the distinction between the Rule 12(b)(4) and 12(b)(5) motions is easy to state, the line between them becomes blurred when the alleged defect is that the defendant either is misnamed in the summons or has ceased to exist. In these cases, the form of the process could be challenged under Rule 12(b)(4) on the theory that the summons does not properly contain the names of the parties, or a motion under Rule 12(b)(5) could be made on the ground that the wrong party— that is, a party not named in the summons—has been served.

pleading to the complaint that omits the defense of insufficient service of process provided in Rule 12(b)(5), it waives that particular defense in accordance with Federal Rule of Civil Procedure 12(h)(1), and therefore essentially accepts service as of the date it files the responsive motion or pleading omitting the defense. Fed. R. Civ. P. 12(h)(1)(B); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (2004) (insufficient service of process is waived by either answering the complaint or by filing a motion under Rule 12(b) raising other defenses but neglecting to raise the defense of insufficient service of process.); cf. Ricci v. Rockwater Ne. LLC, No. CIV.A. 15-1281, 2015 WL 6509442, at *2 (W.D. Pa. Oct. 28, 2015) ("Of course, counsel's execution of a waiver of service form on behalf of a client constitutes a valid waiver of service as of the date of the waiver.").

## III.    SERVICE OF PROCESS ANALYSIS

Federal Rule of Civil Procedure 10 with respect to captions on a pleading specifically requires that "[t]he title of the complaint must name all the parties." FED. R. CIV. P. 10(a).   The caption to the complaint filed by Dougherty lists the following as all the defendants sued in this action:   1) "Jared Dupes PA Department of Revenue Bureau of Compliance In his 'individual and Supervisory Capacity;'" 2) "Commonwealth Court Clerk In its Executive and Official Capacity." 3) "Christopher Conner IN his Executive Function;" 4) "Caldwell, Jones, Carlson, Blewit, Welsh, 'in their official capacity;'" and 5) "PA Unified Judiciary" "IN their "official capacity."[8]

---

5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (2004).

[8]  Dougherty has filed documents identified as Joinder or Joinder complaint (ECF Nos. 9, 36),

It appears to the court, but is by no means clear, that by the listing of "Christopher Conner IN his Executive Function" as defendant, Dougherty intends to sue the Honorable Christopher C. Conner, Chief Judge of the United States District Court for the Middle District of Pennsylvania.   Similarly, by the listing of "Caldwell, Jones, Carlson, Blewit, Welsh 'in their official capacity,'" it appears that Dougherty intends to sue the following, who are current or retired judges for the United States District Court for the Middle District of Pennsylvania, and its acting Clerk of Court:   the Honorable William W. Caldwell, District Judge; the Honorable John E. Jones, III, District Judge; the Honorable Martin C. Carlson, Magistrate Judge; the Honorable Thomas M. Blewitt, retired Magistrate Judge;[9] and Peter J. Welsh, Acting Clerk of Court. Because these are the only defendants named in the caption of the complaint, the court proceeds to address service of process only with respect to these named individuals, governmental entities and governmental officials, officers and employees.

**A.  Dougherty's Asserted Service Upon Defendants**

There are three entries on the docket by Dougherty described as "Affidavit of Service for Summons and Complaint," and they attempt to indicate service on the following:   Jared Dupes (ECF No. 10); "Federal Defendants" (ECF No. 11); and "PA Unified Judiciary" (ECF No. 12). Each of these affidavits with attached certified mail receipt indicate that Dougherty, himself, mailed a copy of a Summons and Complaint by certified mail as follows:   1) to serve "Jared

---

which are not in the form of an amended complaint and are not accompanied by any request to file an amended complaint.   In those documents he states he desires to bring suit against other individuals. The court will address these filings referencing Federal Rule of Civil Procedure 21 by separate opinion and order to the extent necessary.

[9]   The status of the government official or employee at the time of the acts complained of determines the required method or service. <u>See</u> 4B Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1107, p. 36 (2002).

Dupes" he only mailed the summons and complaint to the Pennsylvania Attorney General who Dougherty states "is designated by law to accept service of process on behalf of . . . PA Commonwealth AGENCIES" (ECF No. 10); 2) to serve the party he designates in the affidavit as "Conner Civil Clerk" he only mailed the summons and complaint to "Kate Mershimer-Civil" who he indicates "is designated by law to accept service of process on behalf of . . . The FEDERAL DEFENDANTS,"[10] (ECF No. 11);  3) to serve the "PA UNIFIED JUDICIARY" he only mailed the summons and complaint to the Pennsylvania Attorney General[11] who he states is "designated by law to accept service of process on behalf of . . . PA UNIFIED JUDICIARY." (ECF No. 12).

### 1. Dougherty as a party cannot serve original process

Service upon defendants must be made by a person 18 years of age or older and not a party.   All the affidavits to prove service as required by Rule 4(l) were filed by Dougherty, (ECF Nos. 10, 11, 12), and are signed only by him, a party to this action.   Those affidavits indicate that he mailed a summons and copy of the complaint by certified mail to the Pennsylvania Attorney General's Office and to "Civil Clerk Kate Mershimer" at the Office of the United States Attorney for the Middle District of Pennsylvania.   Under the plain language of Rule 4(c)(2), as a party, he cannot be the one to deliver, hand or send the summons and complaint even if such service would be proper by mail, certified or otherwise.   Constien v. United States, 628 F.3d 1207, 1215 (10th Cir. 2010) ("Supporting our conclusion, the courts to consider the

---

[10]  The certified mail receipt indicates that the article was mailed by Dougherty and addressed to CIVIL CLERK, Kate Mershimer. (ECF No. 11).   Assistant United States Attorney Kate Mershimer is the Chief of the Civil Division of the Office of the United States Attorney for the Middle District of Pennsylvania.

[11]  The court notes that the certified mail receipt number is identical on both ECF No. 10 and 12, indicating one mailing by Dougherty to the Pennsylvania Attorney General.

matter have ruled that even when service by mail is proper, it cannot be a party who mails it.") (collecting decisions); <u>McCray v. Unite Here</u>, Civ. No. 13-6540, 2015 WL 1279694, at * 3 (D.N.J. Mar. 20, 2015) ("It appears from the facts presented to the Court that Plaintiff himself mailed the summonses for Defendants to the ISAO. Such service is ineffective according to Rule 4(c)(2).").   Under the applicable state procedure, service of process is not by mail and as a party he could not serve process under that state procedure.   Accordingly, there has been no service of process on any defendant.

## 2.   Additional Service Issues

The attempted service of process in this matter suffers from inadequacies in addition to the failure to comply with the requirement in Rule 4(c)(2) and Pennsylvania Rules 76 and 400 that someone other than the party effect service of process.

### a)   *Service upon named defendants "Christopher Conner, IN his Executive Function;" and "Caldwell, Jones, Carlson, Blewit, Welsh 'in their official capacity,'"*

Service of process in suits against the United States or United States agencies, corporations, officers or employees is governed by Rule 4(i), which provides solely for federal process.   Because Dougherty sues officers and employees of the United States in their official capacities,[12] namely "Christopher Conner, IN his Executive Function;" and "Caldwell, Jones, Carlson, Blewit, Welsh 'in their official capacity,'" [13] he must follow the dictates of Rule 4(i)(1)(A), Rule 4(i)(1)(B), <u>and</u> Rule 4(i)(2) with respect to service on these parties.

---

[12]  Dougherty indicates Judge Conner is sued in his "executive function," which would mean by virtue of his executive office, which in turn would simply mean he is sued in his official capacity.

[13]  Dougherty refers to these defendants as "federal defendants" in the affidavit filed at ECF No. 11, and he also appears to seek a default for failure to respond after service of process against "[the United States (Judiciary 3rd Cir.)]" (ECF No. 25) (bracketed language in original).   He

According to the affidavit that Dougherty designates on the docket as service on "*Federal Defendants*," the summons and complaint was sent by him only to "Kate Mershimer-Civil, who is designated by law to accept service of process on behalf of . . . THE FEDERAL DEFENDANTS on 8/31/17." (ECF No. 11).   The court observes that there is no defendant listed in the complaint as "Conner Civil Clerk."[14]   The court gleans from the filing that Dougherty meant service upon Judge Conner, the Acting Clerk of Court for the Middle District of Pennsylvania, whose last name only is listed as a defendant in the complaint caption, or perhaps also the additional federal judges apparently sued, with service made on Kate Mershimer, Assistant United States Attorney for the Middle District of Pennsylvania, or upon the civil process clerk at the United States Attorney's office as contemplated by Rule 4(i)(1)(A)(ii). Because the "federal defendants" are judicial officers of the United States sued in their official capacities, in accordance with Rule 4(i)(2) Dougherty must effect service upon <u>each of them</u> by having them each served with a copy of the summons and complaint by registered or certified mail, Rule 4(i)(2), **and** must effect service upon the United States, Rule 4(i)(2).   In other words service must be by the means specifically instructed in Rule 4(i)(1).

---

cannot alter the defendants sued, which are those defendants named in the caption of his complaint, <u>see</u> Fed. R. Civ. P. 10, by simply providing a different reference in his subsequent filings to "federal defendants" or "United States Judiciary" or even "United States (Judiciary 3rd Cir.)."   As is it now stands, the only named defendants in this action capable of reference as "federal defendants" are "Christopher Conner, in his executive function;" and "Caldwell, Jones, Carlson, Blewit and Welsh," sued in their official capacities.

[14] Dougherty's designations on the affidavits with respect to which particular defendant is purportedly being served are problematic in that he is not entirely clear as to which defendant named in the caption of the complaint the service applies.   **Any future attempted proof of service, to the extent that service becomes subsequently relevant, should indicate precisely the defendant who was served with the summons and complaint as that defendant is listed in the caption of the complaint and should not mix and match or change the names of the defendants being served.**

Pursuant to Rule 4(c)(2), Dougherty cannot be the one personally delivering or personally sending the summons and complaint to effect proper service of process under Rule 4(i), and he cannot be the one executing the Rule 4(l) affidavit of service that will be submitted to the court to prove service—both of these functions must be performed by a non-party who is at least 18 years old.[15]  Even if someone other than Dougherty had personally delivered or sent a copy of the summons and complaint in compliance with Rule 4(c)(2), the service of process would not be effective with respect to "Christopher Conner, in his executive function;" and "Caldwell, Jones, Carlson, Blewit and Welsh," sued "in their official capacity."   A copy of the summons and complaint was only sent in apparent attempted compliance with Rule 4(i)(1)(A), proceeding pursuant to either Rule 4(i)(1)(A)(i) or (ii) by his affidavit that "Kate Mershimer-Civil" was sent a copy of the summons and complaint by certified mail. (ECF No. 11); Fed. R. Civ. P. 4(i)(1)(A)(i) (referring to "assistant United States attorney or clerical employee whom the United States attorney designates"); Fed. R. Civ. P. 4(i)(1)(A)(ii) (referring to "civil-process clerk at the United States attorney's Office").

There is no affidavit by Dougherty attempting to show compliance with:   1) Rule 4(i)(1)(B), requiring a copy of the summons and complaint be sent by registered or certified mail to the Attorney General of the United States at Washington, D.C.; **and** 2) Rule 4(i)(2), requiring a copy of the summons and complaint be sent by registered or certified mail to the officer or employee sued in their official capacity.   To be clear, Rule 4(i)(1) instructs that to complete service **upon the United States** in this action brought in the Middle District of Pennsylvania, there are three different requirements, the first two of which always must be met and the third of

---

[15] "Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)

which must be met if the action challenges an order of a nonparty agency or officer of the United States.   To meet these requirements a plaintiff must:   1) under Rule 4(i)(1)(A) for service upon the United States **either** a) deliver a copy of the summons and complaint to the United States attorney for the Middle District of Pennsylvania or delivery to an assistant United States attorney or clerical employee who has been designated by the United States attorney in a writing filing with the Clerk of Court for the Middle District of Pennsylvania to accept such service, Rule 4(i)(1)(A)(i); **or** b) send a copy of the summons and complaint by registered or certified mail to the civil-process clerk at the United States attorney's office, Rule 4(i)(1)(A)(ii); 2) under Rule 4(i)(1)(B) for service upon the United States send a copy of the summons and complaint be sent by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and 3) under Rule 4(i)(1)(C) for service upon the United States where the action challenges an order of a non-party agency or officer of the United States send a copy of the summons and complaint by registered or certified mail to the agency or officer not sued.

### b)  *Service upon Jared Dupes*

Jared Dupes is sued in his individual capacity and his "supervisory capacity," which the court interprets to mean individual and official capacities.   Thus, service of original process must be made on Jared Dupes in both of these capacities.   Oliveira-Coutinho v. Frakes, 4:15CV3159, 2016 WL 6892737, at *1 (D. Neb. Nov. 22, 2016) (defendants sued for money damages in their individual capacities and for prospective injunctive relief in their official capacities required service of process in compliance with requirements for each capacity); Olson v. Edwards, No. 11-CV-072-MJR-PMF, 2013 WL 252468, at *4 (S.D. Ill. Jan. 23, 2013) (defendant sued in both his individual and official capacities must be properly served in both capacities).   The Affidavit of Service signed by Dougherty indicates that the summons and

complaint to be served on Jared Dupes only was sent to the Pennsylvania Attorney General and indicates that Dougherty himself and not a non-party mailed it. This is insufficient with respect to Jared Dupes in his individual capacity and official capacity because: 1) it was service by mail; 2) the service was by Dougherty; 3) the service was only attempted on the Pennsylvania Attorney General and not on Jared Dupes individually; 4) the service was not upon the chief executive officer of Pennsylvania; 5) the service was not made by handing a copy to the person in charge of Jared Dupes' office at the Pennsylvania Department of Revenue, Bureau of Compliance; and 6) the service was not made by handing a copy to the person in charge of the Office of the Pennsylvania Attorney General. Simply put, plaintiff's attempted service of Jared Dupes by sending a copy of the summons and complaint by mail to the Pennsylvania Attorney General is ineffective. See Digenova v. Unite Here Local 274, Civ. Act. No. 16-1222, 2016 WL 3144267, at * 4 (E.D. Pa. June 6, 2016).

With respect to the suit against Jared Dupes in his individual capacity, the court on January 19, 2018, ordered Dougherty to show cause by February 9, 2018 why the Complaint should not be dismissed for failure to prosecute as to Jared Dupes in his individual capacity for lack of service of process. (ECF No. 55). Plaintiff responded to the court's order to show cause by: 1) filing a motion to strike the court's order with a brief in support (ECF No. 56, 57), which the court denied by order dated February 6, 2018 (ECF No. 59); and 2) by filing what he refers to on the docket as "Certificate of Service," (ECF No. 60), indicating it was in response to the court's order denying the motion to strike the court's own order. This certificate references the previously filed document at ECF No. 10, (ECF No. 60), and states that: 1) "service by mail is complete on mailing," 2) he can serve "by facsimile or e-mail with the agreement of the party being served as stated in the certificate of service" and "*ipso facto* service by email is 'complete

upon emailing,'" (ECF No. 60 at 3); 3) there is an entry of appearance on the docket on October 2, 2017, on behalf of Jared Dupes; 4) Pennsylvania allows personal service on governmental entities as well as service by priority mail and email where the agency only communicated with him through email; and 5) the court cannot raise the issue of service *sua sponte* apparently because he believes issues with service of process are relevant exclusively to Federal Rule of Civil Procedure 12(b)(4) and (5). (ECF No. 60 at 3-4).

Plaintiff, who also has sued the named plaintiffs for money damages, ignores the actual requirements for service of process on Jared Dupes in his individual capacity and even with respect to Jared Dupes in his official capacity. Plaintiff instead relies on "email service," rules that govern service other than original process, and rules of Pennsylvania appellate procedure, (ECF Nos. 10 at 4 and 60-1 (referring to Pennsylvania Rule of Appellate Procedure 121)), as opposed to the rules applicable to service of process in the state court of general jurisdiction, <u>ie.</u> the Pennsylvania Rules of Civil Procedure governing actions in Pennsylvania trial courts. The Pennsylvania rules do not provide for the service of process in the manner plaintiff believes they do. <u>See</u> Pa. R. Civ. P. 422; Pa. R. App. P. 106 and 121. Pennsylvania Rule 422 specifically instructs that the Pennsylvania procedure for service of process upon the Commonwealth and an officer of the Commonwealth, Pennsylvania Rule of Appellate Procedure 121 does not govern service of original process, and Pennsylvania Rule of Appellate Procedure 106 clarifies that even in matters brought in a Pennsylvania appellate court that are within that court's original jurisdiction, the practice and procedure in the courts of common pleas is applicable.

Although plaintiff references the defenses in Federal Rule of Civil Procedure 12(b)(4) and (5), and Federal Rule of Civil Procedure 12(h) discusses the waiver of the defenses in Rules 12(b)(4) and (5) by answer or motion omitting them, plaintiff ignores that the **<u>possibility</u>** of

waiver does not **establish** service of process.   He also ignores the plain language in Rule 4(m) providing for the court on its own, meaning *sua sponte*, to issue a show cause order for the lack of service of process and to dismiss the action for inadequate response showing good cause.

### 1.   There is no service of process by electronic mail

There is no authorized service of original process by electronic mail ("email").   Tricome v. LaRiviere, No. 3161 EDA 2013, 2014 WL 10805949, at * 2 (Pa. Super. Ct. Aug. 27, 2014) (affirming dismissal of complaint where summons and complaint served only by FedEx Ground and email).   There is no authority for the proposition offered by Dougherty that because a governmental entity, agency, employee or individual communicates with a person solely by email that the person if later suing can serve original process by email.   The proposition is contrary to the applicable rules of service of process, is without authority to support, and the court cannot adopt it.

Dougherty attempts to argue that service by email was "accepted" in this matter.   The acceptance of service by email argument appears to be based in part on an October 23, 2017 email to Dougherty from Caleb Enerson, Esq. of the Pennsylvania Office of the Attorney General ("attorney Enerson") stating "[i]n the future, please do not email Mr. Dupes directly. As his attorney, I will accept email correspondence on his behalf."   (ECF No. 60-1 at 2).   This likewise is insufficient to show service of process either on Jared Dupes in his official capacity or in his individual capacity because there is no service of original process by email under either federal or Pennsylvania procedural rules.   While a court may enter a special order permitting alternative service of process by email upon a proper motion and showing, see, e.g., Fed. R. Civ. P. 4(f)(3) (alternative service in international matter); Pa. R. Civ. P. 430 (alternative service), that form of alternative service is permitted only if there is some evasion of service or other obstacle.

D.R.I., Inc. v. Dennis, No. 03 Civ. 10026, 2004 WL 1237511 (S.D. N.Y. June 3, 2004).

Regardless, the referenced email correspondence from attorney Enerson was not service of

process because by its terms it does not show it is in response to any service of summons and

complaint; it does not state that it is acceptance of service of process; it quite simply directs

Dougherty to cease directly emailing Jared Dupes.   There has been no executed waiver of

service of process filed in accordance with Rule 4(d).   See PA. R. CIV. P. 402(b).

In sum, personal service upon Jared Dupes in his individual capacity cannot be served by

mail, cannot be served by a party mailing it, cannot be sent by mail only to the Pennsylvania

Attorney General, and cannot be by email.

### 2. Attorney Enerson's notice of appearance did not waive service of process

Attorney Enerson filed a notice of appearance on behalf of Jared Dupes on October 2,

2017.   (ECF No. 17).   The notice does not indicate whether he is representing Jared Dupes in

Dupes' official capacity only or in both his official capacity and individual capacity.

Nevertheless, "the filing of an 'appearance form' does not relieve plaintiff from executing proper

service of process upon the defendant[]." Lewellen v. Morley, 909 F.2d 1073, 1077 (7th

Cir.1990); accord Hudson v. Christian, No. 93–7240, 1994 WL 315471, at *1 (D.C. Cir. June 15,

1994) (per curiam) (The argument that "counsel's entry of appearance in this court constitutes

service [of process] on [the defendant] is without merit."); Trivitt v. Serfass, No. 1596 MDA

2014, 2015 WL 6684623, at *8 (Pa. Super. Ct. Aug. 21, 2015) ("Appellants incorrectly maintain

that the law provides that an entry of appearance obviates the need for actual service of process. .

. . Thus, even if the August 1, 2013 letter was an entry of appearance, which it was not, it did not

absolve Appellants of the responsibility to obtain jurisdiction over the Serfass family by serving

them with process."); see PA. R. CIV. P. 1012(a) ("A party may enter a written appearance which

shall state the address at which pleadings and other legal papers may be served in the manner

provide by Rule 440(a)(1) [governing service of papers other than original process]. . . . Such

appearance shall not constitute a waiver of the right to raise <u>any</u> defense including questions of

jurisdiction or venue.") (emphasis added); PA. R. CIV. P. 1028 (preliminary objections **may** be

filed on the grounds of improper form or service).

A defendant under the federal rules does not waive the required service of process simply

by virtue of his attorney's filing an appearance in the case.   <u>Joyce v. Joyce</u>, 975 F.2d 379, 386–

87 (7th Cir. 1992) ("Mary Ann alleges that William never served her with a summons and

complaint pursuant to Federal Rule of Civil Procedure 4. Although William does not deny that

he failed to serve Mary Ann, he argues that (1) Mary Ann submitted to the court's jurisdiction

when she entered her appearance in the district court, (2) defective service is not a ground for

dismissal absent a showing of prejudice, and (3) Mary Ann's failure to raise the jurisdictional

challenge until now constitutes waiver. Because none of these defenses is meritorious, we could

grant Mary Ann's motion as an alternative holding."); <u>Ricci v. Rockwater Ne. LLC</u>, No. CIV.A.

15-1281, 2015 WL 6509442, at *2 (W.D. Pa. Oct. 28, 2015) (attorney's entry of appearance on

court's docket, by itself, insufficient to waive service of process).   Thus, attorney Enerson's

notice of appearance was not a waiver of the required service of process on Jared Dupes and

does not weigh in the court's analysis of service of process.

In sum, based on the filings of record, including Dougherty's response to the show cause

order, the court finds that Dougherty did not show service of process upon Jared Dupes in his

individual capacity or show good cause for this failure of timely service of process upon Jared

Dupes in his individual capacity.   Plaintiff did not seek an extension with respect to service of

process upon Jared Dupes in his individual capacity; he offered no assertion or indication of any

evasion of service, <u>Petrucelli v. Bohringer and Ratzinger</u>, 46 F.3d 1298, 1306 (3d Cir. 1995) (observing extending the time may be justified if a defendant evades service); and he instead emphatically insists his method of service of process is appropriate, essentially standing on his service efforts. Although Dougherty proceeds *pro se* he has filed numerous previous actions and service of process with respect to Jared Dupes whom he has sued for money damages in his individual capacity is rather straightforward. <u>Veal v. U.S.</u>, 84 F. App'x at 256 (indicating where plaintiff sought additional time, considerations of whether particular rule of service, such as rule involving service of process on United States agency, was confusing in light of *pro se* status). Accordingly, the court in its discretion under rule 4(m) will not extend the time for service with respect to Jared Dupes in his individual capacity and will dismiss this action without prejudice as against this defendant.

### c) Service upon the "PA Unified Judiciary" and upon Commonwealth Court Clerk" and Jared Dupes in their Official Capacities

With respect to service of original process on the Clerk of the Commonwealth Court of Pennsylvania and Jared Dupes of the Pennsylvania Department of Revenue Bureau of Compliance, both sued in their official capacities, and the Pennsylvania Unified Judiciary (collectively the "Commonwealth defendants"), the suit against all three of these defendants is considered a suit against the Commonwealth of Pennsylvania. <u>See</u> 42 Pa. Cons. Stat. § 102 (defining "Commonwealth government" to include as "the courts and other officers or agencies of the unified judicial system, the General Assembly and its officers and agencies, the Governor, and the departments, boards, commissions, authorities and officers and agencies of the Commonwealth. . . ."); 42 Pa. Cons. Stat. § 301 ("The judicial power of the Commonwealth shall be vested in a unified judicial system consisting of the (1) Supreme Court. (2) Superior Court. (3)

Commonwealth Court. . . .").   Service of process against the Commonwealth defendants is governed by Rule 4(j)(2), and under the state procedure for service of process by Pennsylvania Rule 422.

As discussed above with respect to the service upon Jared Dupes, there has been no service of process on Jared Dupes in his official capacity because it was sent by mail, it was sent by Dougherty in violation of Rule 4(c)(2), it was not delivered to the chief executive officer of Pennsylvania as required by Rule 4(j)(2)(A), and it was not made by handing a copy to the person in charge of Jared Dupes' office and by handing a copy to the person in charge of the Pennsylvania office of attorney general, as required by Rule 4(j)(2)(B) and Pennsylvania Rule 422(a).

The affidavit that Dougherty designates on the docket as showing service on "Attorney General/&Cmwlth Clerk served on PA Unified Judiciary," signed only by him, lists the party served as "PA UNIFIED JUDICIARY," and indicates that the summons and complaint were sent by certified mail on "PA Attorney General who is designated by law to accept service of process on behalf of . . . PA UNIFIED JUDICIARY on 8/31/17." (ECF No. 12).   With respect to what is perhaps intended service of process upon the "Commonwealth Court Clerk" and "PA Unified Judiciary," the court observes that Dougherty only filed an affidavit listing "PA Unified Judiciary" and not listing on the form "Commonwealth Court Clerk" as the party served. Regardless, sending the summons and complaint to the Pennsylvania Attorney General by mail would not effect service of process upon any of the Commonwealth defendants because: 1) Rule 4(j)(2)(A) requires service upon a state party by **__delivering__**, and not mailing, a copy of the summons and complaint; 2) the Pennsylvania procedure for service, as incorporated into Federal Rule of Civil Procedure 4(j)(2)(B), does not permit original service of process by mail upon the

Commonwealth of Pennsylvania or upon an officer, department, board, commission or instrumentality of the Commonwealth, or a member thereof; 3) Pennsylvania law requires service of process upon these defendants made at the office of the particular Commonwealth defendant **and** made at the office of the Pennsylvania Attorney General under Pennsylvania Rule 422; and both Rule 4(c)(2) and Pennsylvania law do not permit this service to be performed by Dougherty as a party. For these reasons, Dougherty did not file anything to show service of original process upon the Commonwealth defendants.

On March 9, 2018, however, the Commonwealth Court Clerk and the Pennsylvania Unified Judiciary filed a motion to dismiss with brief in support asserting defenses other than the insufficiency of process. (ECF Nos. 78, 79). By filing their motion pursuant to Rule 12(b) and not asserting insufficiency of service of process in it, they now have waived any challenge to the service of process, FED. R. CIV. P. 12(h), as of the date of that filing and will be required to answer the complaint if their motion is denied in accordance with Rule 12. Fed. R. Civ. P. 12(a)(4)(A) (providing 14 days after notice of the court's action on the motion under Rule 12).

**B. Show Cause Order Will Be Entered with Respect to Certain Defendants**

As discussed above, the court previously issued a show cause order with respect to Jared Dupes in his individual capacity, and in consideration of Dougherty's response, it will dismiss this action as against Jared Dupes in his individual capacity. With respect to the Commonwealth Court Clerk and Pennsylvania Unified Judiciary, because they have chosen to waive insufficiency of service of process by filing their motion to dismiss on March 9, 2018, a show cause order will not be entered with respect to these two defendants. Based on the foregoing, however, the court will order Dougherty to show cause why the action should not be dismissed for failure within 90 days of the filing of the complaint to serve original process upon

the following defendants:    Jared Dupes in his official capacity; "Christopher Conner, in his executive function;" and "Caldwell, Jones, Carlson, Blewit and Welsh," sued in their official capacity.

Although Dougherty is *pro* se, his failure to follow Rule 4's service requirement due to a failure to read or understand Rule 4, will not, in general, provide good cause for lack of proper service.  <u>Felicetty-Stamm v. Secretary Dept. of Homeland Security</u>, 558 F.App'x 189 (3d Cir. 2014).

## IV.    MOTIONS WITH RESPECT TO DEFAULT AND DEFAULT JUDGMENT

For the reasons indicated, Dougherty did not make proper service of original process upon any of the defendants, none are in default, and accordingly, entry of default or default judgment is inappropriate.   Due to the lack of service of original process upon any of the defendants, all the previously filed motions by Dougherty for default and default judgment (ECF Nos. 13, 16, 22, 23, 25, 33, 34, 39, 40), and all the previously filed motions including therein a request for default and default judgment (<u>i.e.</u>, ECF Nos. 24, 31, 36, 43, 44, 45, 48, and 65), will be denied.   "Default cannot be entered where there was insufficient service of process," <u>Scott</u>, 598 F. Supp. 2d at 36, because the default is related to the failure to respond by answer or motion under Federal Rule of Civil Procedure 12(a) and (b) within the time provided after service of process. <u>See</u> <u>Sullivan</u>, 2012 WL 12921040, at *1; <u>Korner v. United States</u>, 246 F.R.D. 45, 47 (D.D.C. 2007); <u>see</u> <u>also</u> <u>Graham v. U.S. Anti-Doping Agency</u>, No. 5:10-CV-194-F, 2010 WL 3027864, at *2 (E.D.N.C. Aug. 2, 2010) ("As a prerequisite to entry of default, the party against whom default is entered must have been properly served with process.").   Indeed, any "default judgement entered when there has been no proper service of the complaint is, *a fortiori*, void."

Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985). Additionally, any failure

asserted by Dougherty with respect to the Clerk of the District Court not entering default on his

request pursuant to Federal Rule of Civil Procedure 55(a), which generally is a prerequisite for

the court to enter a default judgment under Federal Rule of Civil Procedure 55(b), is without

merit for the failure to show by proper affidavit the service of original process on defendants.

Dahill Mgmt. LLC v. Moore, No. 09-CV-10934-DT, 2009 WL 1664559, at *2 (E.D. Mich. June

15, 2009) (obtaining "a clerk's entry of default [], as a fundamental matter, requires establishing

proof of service of the complaint and demonstrating that the defendant failed to file a responsive

pleading within the time allowed for doing so. Fed.R.Civ.P. 55(a)").


V.     CONCLUSION

In order for the court to assert jurisdiction over a defendant, plaintiff must serve original

process upon them in accordance with the requirements of Federal Rule of Civil Procedure 4.

Plaintiff did not do so with respect to any defendant. Additionally, Rule 4(m) requires service

of process within 90 days after filing of the complaint. Because the court previously entered a

show cause order with respect to plaintiff's failure to timely serve original process upon Jared

Dupes in his individual capacity and plaintiff's response did not show good cause, the court will

dismiss the action against Jared Dupes in his individual capacity pursuant to Rule 4(m). The

court will not enter a show cause order with respect to the Commonwealth Court Clerk and the

Pennsylvania Unified Judiciary because these defendants chose to respond to the complaint by

filing a motion to dismiss under Federal Rule of Civil Procedure 12 omitting the defense of

insufficient service of process provided for in Rule 12(b)(5), and therefore, they waived the

defense of insufficient service of process in accordance with Rule 12(h). The court will enter a

show cause order with respect to the failure of timely service of process upon "Christopher Conner, IN his Executive Function;" and "Caldwell, Jones, Carlson, Blewit, Welsh 'in their official capacity.'"   Finally, the court will deny plaintiff's motions and requests for default and default judgment.

An appropriate order will be entered.

Dated:   April 6, 2018                    BY THE COURT:

                                          /s/ Joy Flowers Conti
                                          Joy Flowers Conti
                                          United States District Judge