IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEITH DOUGHERTY,** et. al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:17-CV-01541-JFC |
| | ) | |
| **JARED DUPES,** et. al, | ) | |
| | ) | |
| Defendants. | ) | |

### **MEMORANDUM OPINION**

CONTI, Chief District Judge of the United States District Court for the Western District of Pennsylvania[1]

### I. Factual History

Pending before the court is the motion, (ECF No. 72), filed by plaintiff Keith Dougherty ("Dougherty") for reconsideration of the court's March 2, 2018 orders docketed at ECF Nos. 70 and 71,[2] as well as his motion to strike, (ECF No. 74), the March 2, 2018 order docketed at ECF No. 70. Dougherty filed a brief in support of the motion for reconsideration, (ECF No. 73), and a brief in support of the motion to strike, (ECF No. 75), although the brief in support of the motion to strike does not actually address the court's March 2, 2018 order docketed at ECF No. 70, but makes argument, as is made in numerous other documents as well as in other similar cases, that the court has no ability to enter orders in this case other than the entry of default against the defendants and in his favor. See, e.g. (ECF No. 75 at 5); Dougherty v. Advanced

---

[1] On November 1, 2017, this matter was assigned to the undersigned by Order of Designation of the United States Court of Appeals for the Third Circuit. (ECF No. 27).
[2] Dougherty's motion at ECF No. 72 cites to ECF No. 71, (ECF No. 72 at 1), and his brief cites to ECF No. 70. (ECF No. 73 at 2).

1

Wings LLP, 611 F. App'x 752, 753 (3d Cir. 2015) (acknowledging Dougherty's argument that the district court lacks jurisdiction to deny his motion for default has been squarely rejected by the appellate court); In re Dougherty, 563 F. App'x 96, 98 (3d Cir. 2014) (rejecting flatly argument by Dougherty that the district court somehow lacks "jurisdiction" to deny default against a defendant who had not been served and further pointing out the district court also would have discretion to deny default otherwise). Dougherty proceeded in this action on his own behalf and attempted to proceed on behalf of Brent Frey, Erica Frey, and R. Michael Best (collectively the "co-plaintiffs") by appending their names and purported electronic signatures to the complaint and other filings. See, e.g. (ECF Nos. 1-1 at 2; 9 at 10).

On March 2, 2018, this court entered an order that all communication by Dougherty with the court be through filings on the docket. (ECF No. 70). The court also entered an order on that date, (ECF No. 71), providing that: Brent Frey, Erica Frey, and R. Michael Best denoted as co-plaintiffs on Dougherty's complaint were dismissed from this action as co-plaintiffs and that if these co-plaintiffs "intend to become plaintiffs in this action, they must each sign the complaint and file with the court the signed complaint with an affidavit indicating that they wish to be plaintiffs in this action, they have signed the complaint, and they are aware of the requirements of Federal Rule of Civil Procedure 11." (ECF No. 71 at 2). None of these co-plaintiffs took any of the required steps to become plaintiffs in this action as the court directed.

The court's March 2, 2018 order entered at ECF No. 71 stated that 1) Dougherty shall not file any documents electronically or otherwise purporting to be on behalf of anyone other than Keith Dougherty; 2) any documents filed by Dougherty electronically or otherwise purporting to be filed by him on behalf of anyone other than Dougherty shall be stricken; and 3) *any*

*documents filed on behalf of a party not registered for CM/ECF filing but containing the party's purported electronic signature* also shall be stricken. In that order the court further explained that Dougherty was not an attorney licensed to represent other individuals. Yet, the numerous filings by him contained the electronic signature of Brent Frey, Erica Frey, and R. Michael Best who were individuals purported to be co-plaintiffs, and are not registered as CM/ECF registrants in the United States District Court for the Middle District of Pennsylvania, and had not signed the complaint as required by Federal Rule of Civil Procedure 11(a). The court observed that Dougherty was well aware that he cannot proceed on behalf of other plaintiffs, and explicitly indicated that the other purported co-plaintiffs in this action must appear through counsel or appear for themselves. (ECF No. 71 at 2) (citing Dougherty v. Snyder, Civ. Act. No. 1:CV-10-1071 (M.D. Pa. Nov. 5, 2010) (ECF No. 68), and Dougherty v. Snyder, Civ. Act. No. 1:CV-10-1071, 2011 WL 292236, at *14 n. 28 (M.D. Pa. Jan. 25, 2011), aff'd, 469 F. App'x 71 (3d Cir. 2012)).

II. **Standard of Review**

As explained in Qazizadeh v. Pinnacle Health System, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016), the standard for reconsideration of an interlocutory order, as opposed to a final order or judgment, differs. See Linhart v. Zitelli & Brodland, P.C., 2011 WL 5188061, at *1-2 (W.D. Pa. Nov. 1, 2011) (distinguishing between both kinds of orders). For example, a court when deciding a motion to alter or amend under Federal Rule of Civil Procedure 59(e) applies a more stringent standard requiring a change in controlling law, previously unavailable or "new" evidence, or the need for the court to correct a clear legal error or prevent manifest injustice.

Qazizadeh, 214 F. Supp. 3d at 295 (citing Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).  Where the motion for reconsideration does not relate to a final order or judgment, reconsideration "may be had even if the movant cannot show an intervening change in controlling law, the availability of new evidence that was not available when the court issued the underlying order, or the need to correct a clear error of law or fact or to prevent manifest injustice."  Qazizadeh, 214 F. Supp. 3d at 295.  Instead, the "vehicle for reconsideration, then, is [Federal Rule of Civil Procedure] 54 which provides that until [the court] finally adjudicate[s] all claims as to all parties, [it] retains the discretion to modify any earlier order."  Confer v. Custom Eng'g Co. Emp. Health Benefit Plan, 760 F. Supp. 75, 77 (W.D. Pa. 1991); Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities.").  Thus, the court may permit reconsideration prior to entry of final judgment adjudicating all the claims whenever consonant with justice to do so.  Qazizadeh, 214 F. Supp. 3d at 295.

Before the court revisits an interlocutory order the movant must establish good cause for the reconsideration, Confer, 760 F. Supp. at 77, because, as with a motion for reconsideration of a final order, motion for reconsideration of an interlocutory order is not a means to reargue matters already disposed of with respect to which there is "disagreement between the Court and the litigant."  Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citation omitted); Kropa v. Cabot Oil & Gas Corp., 716 F. Supp. 2d 375, 378 (M.D. Pa. 2010) (reconsideration does not provide a second bite at the apple).  A motion for reconsideration is not

a means "to raise new arguments or evidence that could have been proffered prior to the issuance of the order in question." Langston v. Hershey Medical Center, Case No. 1:15-CV-2027, 2016 WL 6780702, at *2 (M.D. Pa. Nov. 16, 2016).

**III.    Analysis**

Dougherty's motion for reconsideration and brief do not present any discernable, much less valid, argument for reconsideration of the court's March 2, 2018 orders, and therefore the motion will be denied.  Much of the filings with respect to these motions is undecipherable, rambling, unintelligible and quite simply presented in a near impossible to understand stream of consciousness style.  See Best v. U.S. Foods Inc. De. Div., 612 F. App'x 636, 637 (3d Cir. 2015); Dougherty v. Adams-Dougherty, Civ. Action No. 15-8541, 2017 WL 5179534, at *2 (D. N.J. Nov. 8, 2017); Dougherty v. Advanced Wings, LLC, Civ. Action No. 1:13-cv-447, 2013 WL 4041589, at *3 (M.D. Pa. Aug. 7, 2013).  To the extent Dougherty seeks to challenge rulings made with respect to the rights or interests of others, namely the persons delineated as co-plaintiffs by him, he lacks standing to assert their interests and claims.  Dougherty v. Carlisle Transp. Products, Inc., 622 F. App'x 191, 192 (3d Cir. 2015).

The "motion" for reconsideration itself is titled on the docket entry as "Motion for Reconsideration *Electronic Signatures Act*."  See Docket Entry for ECF No. 72.  Dougherty also filed what is noted on the docket by him as a "Brief in Support *Electronic Signatures Act*," see Docket Entry for ECF No. 73, which the court construes as also related to the motion for reconsideration.  Dougherty's reliance on the Electronic Signatures in Global and National Commerce Act (the "ESIGN Act" or "Act"), 15 U.S.C. § 7001-7031, as a basis for

5

reconsideration of the court's March 2, 2018 orders is misplaced. The ESIGN act governs e-commerce and does not dictate any rule with respect to electronic signatures in filings in the CM/ECF system in federal court.

> (a) In general
> Notwithstanding any statute, regulation, or other rule of law (other than this subchapter and subchapter II), with respect to any transaction in or affecting interstate or foreign commerce—
> (1) a signature, contract, or other record relating to such transaction may not be denied legal effect, validity, or enforceability solely because it is in electronic form; and
> (2) a contract relating to such transaction may not be denied legal effect, validity, or enforceability solely because an electronic signature or electronic record was used in its formation.

The ESIGN Act provides, in part:

15 U.S.C. § 7001(a); see Jonathan E. Stern, *The Electronic Signatures in Global and National Commerce Act*, 16 Berkeley Tech. L.J. 391 (2001) (noting that e-sign "is significant for commerce in general and electronic commerce in particular because it provides equal legal validity for electronic and paper-based agreements") (emphasis added). Most notably, the ESIGN Act by its own terms does not apply to documents filed in federal court, providing under its "specific exceptions:"

> (b) Additional exceptions
>
> The provisions of section 7001 of this title shall not apply to—
>
> (1) court orders or notices, or official court documents (including briefs, pleadings, and other writings) required to be executed in connection with court proceedings.

15 U.S.C. § 7003(b); see In re Mayfield, Case No. 16-22134-D-7, 2016 WL 3958982, at *3 (Bankr. E.D. Cal. July 15, 2016) (court documents excluded under § 7003(b)); In re Grimmett, Case No. 16-01094, 2017 WL 2437231, at *11 (Bankr. D. Idaho June 5, 2017) (local court rules

required original "wet" signatures be obtained and maintained for documents filed with electronic signatures). Thus, the ESIGN Act does not support reconsideration.

Regardless, this court has made no ruling that it would not recognize the electronic signature of parties permitted to utilize them in electronic filings with the court through the CM/ECF system; rather, the court simply indicated that only Dougherty, and not the co-plaintiffs, was a registrant in the CM/ECF system permitted to file electronically with the court, and more to the point, Dougherty's purported co-plaintiffs never filed <u>anything</u> with the court in this action. Instead, Dougherty filed documents ostensibly on their behalf with some of the documents containing what would be their electronic signatures. Yet, Dougherty is well aware that he is prohibited from filing with the court anything on their behalf because he is not a licensed attorney, <u>Carlisle Transp. Products, Inc.</u>, 622 F. App'x at 191 (recognizing that Dougherty is not a licensed attorney but sometimes <u>attempts</u> to represent others), and *ergo* cannot be his co-plaintiffs' attorney.

With respect to the March 2, 2018 order at ECF No. 70, that communication to the court from Dougherty be through electronic filing only, Dougherty, is keenly aware of how to achieve electronic filing through the CM/ECF system for which he is a registrant, as fully evidenced by his voluminous filings on the docket that comprise over 123 entries and thousands of pages. Thus, the ESIGN Act would provide no conceivable support for the court's reconsideration of its order.

Dougherty cites to Pennsylvania Rules of Civil and Appellate Procedure, <u>see</u> (ECF No. 73 at 7-8), which are wholly inapplicable in this action purportedly brought under federal law. <u>Hanna v. Plumer</u>, 380 U.S. 460, 465 (1965) (federal court also applies federal procedural law

unless doing so in *a diversity case* would violate the Constitution or the Rules Enabling Act, 28 U.S.C. § 2072). Additionally, Dougherty appears to make argument, but it is not entirely clear, with respect to appeal of the court's orders, which also in no way furthers a request for reconsideration.

The requirement that each party sign their own pleadings, including Dougherty and any other party intending to proceed as co-plaintiff in this action, is governed by Federal Rule of Civil Procedure 11. Rule 11 provides:

> (a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

The court has not indicated anywhere that Dougherty did not sign his <u>own</u> pleading, and his attempt to challenge the court's ruling with respect to the signatures of others is dubious.

In sum, although Dougherty is not an attorney and cannot represent anyone but himself in this action, he nevertheless attempted to file through the CM/ECF system documents that purport to be filed on behalf of others, namely Brent Frey, Erica Frey, and R. Michael Best. This the court cannot allow. The court was explicit that if any of the other purported plaintiffs desired to be a plaintiff in this action, they were required by this court to a) sign the complaint; b) and file with the court the signed complaint with a signed affidavit providing that they wish to be plaintiffs in the action, that they signed the complaint and that their signature indicates they are aware of the requirements of Federal Rule of Civil Procedure 11. (ECF No. 71 at 2); <u>accord</u> <u>Dougherty v. Snyder</u>, Civ. Act. No. 1:CV-10-1071, 2011 WL 292236, at *14 n. 28 (M.D. Pa.

Jan. 25, 2011). None of the dismissed co-plaintiffs attempted to become plaintiffs and Dougherty cannot proceed to assert their interests. Carlisle Transp. Products, Inc., 622 F. App'x at 192 ("[n]aming Runk as a plaintiff [] would not give Dougherty standing to assert Runk's claims").

The court presumes, based on its content, that the single page and untitled document Dougherty filed at ECF No. 77, which he titles on the docket as "Affidavit in support re Motion to Consolidate Cases Corporate SMLLC 'defined' *Wet Signatures*," is offered additionally in support of reconsideration of the order at ECF No. 71 relating to the co-plaintiffs. That single page filed by Dougherty at ECF No. 77 purports to include the signature of R. Michael Best on a page that is similar but not identical to the last page of the complaint filed by Dougherty. When comparing the two documents, the signature page filed at ECF No. 77 by Dougherty **and not filed by R. Michael Best** is quite evidently not a page of the complaint filed by Dougherty in this action. Compare (ECF No. 1-1 at 2) with (ECF No. 77). To the extent Dougherty would contend this as "new evidence" it is not any new evidence that alters the court's ruling that to become a plaintiff R. Michael Best, Erica Frey and Brent Frey would have to for themselves sign the complaint and file the signed complaint with a signed affidavit providing that they wish to be plaintiffs in the action, they signed the complaint, and they are aware of the requirements of Rule 11. Accord Snyder, 2011 WL 292236, at *14 n. 28.

Because Dougherty filed the document docketed at ECF No. 77 purporting to be on behalf of R. Michael Best, the court will order it stricken in accordance with its prior order. (ECF No. 71 at 2-3).

Finally, because in ECF No. 73 Dougherty also refers to ECF No. 55 and includes the

9

name of Jared Dupes on various pages, (ECF No. 73 at 3, 13), the court considers that Dougherty may, but again it is unclear, have intended by his filings at ECF Nos. 72 and 73 to assert yet another challenge to the court's show cause order with respect to suit against Jared Dupes in his individual capacity, (ECF No. 55), which was the subject of an earlier motion by Dougherty and which the court denied. (ECF No. 59). With respect to that show cause order, the court by order dated April 6, 2018 dismissed Jared Dupes in his individual capacity as a defendant. (ECF No. 93). Dougherty offers no basis, much less any good cause for reconsideration of the order entered at ECF No. 93.

The motion for reconsideration is not supported by any good cause, change in controlling law, previously unavailable or "new" evidence, or need for the court to correct clear legal error or to prevent manifest injustice. Thus, it utterly fails under any reconsideration standard.

With respect to Dougherty's motion for the court to strike its own order, (ECF No. 74), with his brief in support, (ECF No. 75), is an exercise in absurdity. In this and all other filings by Dougherty, he espouses that any ruling, statement, order or judgment with which he takes issue is somehow done *ex parte*[3] according to him, is *a fortiori* improper, and requires his prior written approval to be of effect. See (ECF Nos. 74 at 2, 4, 5; 75 at 5, 9). He ends his missive with the declaration that he will only approve the empaneling of a jury or the entry of default in his favor and against defendants, despite that he never served any of the defendants with original

---

[3] In this motion to strike, and in other filings, Dougherty oddly characterizes the court's orders as improper *ex parte* communications even though they are filed on the public electronic docket and immediately communicated thereby simultaneously to Dougherty and to others electronically registered in this case, and, quite obviously, also to the Clerk of Court responsible for the court's docketing. Dougherty clearly misunderstands the meaning of the phrase "*ex parte* communication."

process as required.  See (ECF No. 92 at 27-29).  The court rejects Dougherty's position *in toto*.

## IV. Conclusion

For all the foregoing reasons, as well as many others, the motion of Dougherty for reconsideration, (ECF No. 72), and his motion to strike (ECF No. 74) will be denied.

An appropriate order follows.


August 15, 2018                         By the court:

                                        /s/ Joy Flowers Conti
                                        Joy Flowers Conti
                                        United States District Judge