IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEITH DOUGHERTY,** et. al, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 1:17-CV-01541-JFC |
| | ) |
| **JARED DUPES,** et. al, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

CONTI, Chief District Judge of the United States District Court for the Western District of Pennsylvania[1]

### I.     INTRODUCTION

Presently before the court is a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) with a supporting brief filed by the Commonwealth Court Clerk and the Pennsylvania Unified Judiciary (collectively, the "Commonwealth defendants"). (ECF Nos. 78, 79). The Commonwealth defendants seek to dismiss the complaint filed by *pro se* plaintiff Keith Dougherty ("plaintiff" or "Dougherty") for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. (ECF No. 78). In response, plaintiff filed a motion to strike the Commonwealth defendant's motion and a supporting brief. (ECF Nos. 80, 81). For the reasons explained herein, the Commonwealth defendants' motion to dismiss will be granted, plaintiff's motion to strike will be denied, and plaintiff's complaint

---

[1] On November 1, 2017, this matter was assigned to the undersigned by Order of Designation of the United States Court of Appeals for the Third Circuit. (ECF No. 27).

1

against the Commonwealth Court Clerk and the Pennsylvania Unified Judiciary will be dismissed with prejudice.

## II. BACKGROUND

On August 28, 2017, plaintiff instituted this action in the United States District Court for the Middle District of Pennsylvania against "Jared Dupes PA Department of Revenue Bureau of Compliance In his 'individual and Supervisory Capacity;'" "Commonwealth Court Clerk In its Executive and Official Capacity;" "Christopher Conner IN his Executive Function;" "Caldwell, Jones, Carlson, Blewit, Welsh, 'in their official capacity;'" and "PA Unified Judiciary" "IN their 'official capacity,'" by paying the filing fee. (ECF No. 1). The Civil Cover Sheet completed by Dougherty indicates in section IV with respect to the nature of the suit that this is an action to challenge "the constitutionality of state statutes." (ECF No. 1-2). Under section VI with respect to the claim, it indicates that the claim also is brought under 42 U.S.C. § 1985 and 28 U.S.C. § 1654, and notes under the "description of cause" that the action asserts a claim for "[c]onspiracy to deny access to all courts 'definition of person.'" (ECF No. 1-2). It is difficult, however, to perceive the legal claims and factual allegations raised by plaintiff within his 140-page *pro se* complaint. In what appears to be an allegation of conspiracy against the Commonwealth defendants, the plaintiff writes:

> 29. The way "to success they say" is to say "you Keith Dougherty are not permitted to ask [your] questions" and obtain a "decision on the merits" as to "the definition of person" under 28 USC 1654 and "as applied" and under "Strict Scrutiny" as "required in FEC v. WRTL (2007) [the "precursor to" Citizens United] "circumventing the mootness doctrine";
>
> 30. This then allows the "Commonwealth Agencies" to Deny "procedural due process" by saying "there is no declaratory judgment and or other relief available for Keith Dougherty and "all those associated with him"":

(ECF No. 1 at 32).

Although it is difficult to discern plaintiff's claims against any of the defendants within the complaint, it appears that plaintiff contests various prior actions, decisions, and rulings by individuals, judges, and courts stemming from his attempted representation in various courts of Docson Consulting, LLC, ("Docson Consulting") of which he is the sole member and which was not permitted because Dougherty is not a licensed attorney. (ECF No. 1). The complaint states:

> In all claims "Keith Dougherty incorporates by Reference all 22+ Cases referred to in 16-9425 [all defendants] including "pending state claims" in PA, MD and NJ; Keith Dougherty "demands" whistle Blower Protections as to "Judicial Misconduct and Disability Act Law" where in each instance "the Chief Judges have conspired to deny any declaratory relief" in their efforts to protect "former current and future chiefs of the 3rd Cir" (Preliminary Injunction as to "entry of default") and declaratory relief as to "all Rules of Court" (referenced) by a 7th Amendment Jury:

(ECF No. 1-1 at 2 [complaint at 102]).

It is also difficult to distinguish the legal authority referenced within the complaint because of plaintiff's extensive edits to quotations purporting to be from those cited legal authorities and the lack of use of any standard form of legal citations. (ECF No. 1).

It appears that Dougherty is seeking declaratory relief from previous judgments:

> Keith Dougherty "et al" demand "declaratory judgment as to "person" as protected "under 28 USC § 1654" [as one of the Unique "necessary an proper Federal Statutes" protecting [any] Constitutional Values (such As RFRA and 28 USC § 1738) [declaratory judgment (requiring)] a referring to 1 USC § 1 as required under Burwell v. Hobby Lobby [for all Federal Statues] "to compel the correction and completion [BWO preliminary injunction] against the criminal delay" in YCCP, DCCP, and CCCP;

(ECF No. 1 at 37-38). Dougherty is also seeking damages against the defendants, stating "[i]t will now cost $200,000,000 to settle but you can go back to 'your corruption' undaunted 'until the end.'" (ECF No. 1 at 78).

By way of background, Dougherty is a litigious plaintiff who has filed multiple unsuccessful actions on behalf of himself, Docson Consulting, and other individuals in

3

Pennsylvania state court and multiple United States District Courts.[2] The Court of Appeals for the Third Circuit has described plaintiff as "a frequent and frequently vexatious litigator." *In re Dougherty*, 563 F. App'x 96, 97 (3d Cir. 2014) (quoted in *Dougherty v. Carlisle Transp. Prods., Inc.*, 610 F. App'x 91, 92 (3d Cir. 2015); *Dougherty v. Advanced Wings LLP*, 611 F. App'x 752, 752 (3d Cir. 2015)). The Court of Appeals for the Third Circuit also stated with respect to another one of plaintiff's complaints, "[a]s with many of Dougherty's filings, the complaint is largely unintelligible." *Best v. U.S. Foods Inc. De. Div.*, 612 F. App'x 636, 637 (3d Cir. 2015). District courts have characterized Dougherty's communications with those courts as "unintelligible and rambling, fraught with snide asides and personal attacks." *Dougherty v. Advanced Wings, LLC*, Civ. Action No. 1:13-cv-447, 2013 WL 4041589, at *3 (M.D. Pa. Aug. 7, 2013). For example, the United States District Court for the District of New Jersey observed that "[i]t is not easy to decipher Plaintiff's blend of arguments, insults, and diatribe." *Dougherty v. Adams-Dougherty*, 2017 WL at *2. Dougherty's complaint and filings in this action are no different.

No court to date has enacted an injunction with respect to his vexatious litigant status. *See, e.g.*, *Chipps v. United States District Court for the Middle District of Pennsylvania*, 882 F.2d 72, 73 (3d Cir. 1989) (affirming a district court order enjoining a vexatious litigant from submitting any subsequent filings related to his suit); *In re Oliver*, 682 F.2d 443, 446 (3d Cir. 1982) (holding that a court can issue an injunction against a vexatious litigant as long as the litigant has the opportunity to show cause for filing the complaint).

---

[2] *See, e.g.*, *Dougherty v. Adams-Dougherty*, Civ. Action No. 15-8541, 2017 WL 5179534 (D.N.J. Nov. 8, 2017); *Dougherty v. United States*, 156 F. Supp. 3d 222 (D.D.C. 2016); *Dougherty v. Carlisle Tire & Wheel*, Civ. Action No. 1:CV-13-0857, 2013 WL 12180707 (M.D. Pa. May 20, 2013); *Cluck-U, Corp. v. C.U.C. of Md., Inc.*, Civ. Action No. DKC 10-2105, 2010 WL 3516937 (D. Md. Sept. 7, 2010); *Dougherty v. Snyder*, No. 1450 C.D.2008, 2009 WL 9097130 (Pa. Commw. Ct. Mar. 6, 2009).

In accordance with this court's memorandum opinion, (ECF. No 92), the court by an order dated April 6, 2018 dismissed the action against Jared Dupes in his individual capacity for failure of timely service of original process pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 93). As part of that order, this court ordered plaintiff to show cause for failure of timely service of process upon all defendants other than the Commonwealth defendants. *Id.* The court denied plaintiff's multiple motions and requests for default and default judgment because plaintiff had not properly served *any* of the defendants. *Id.* The court did not enter a show cause order for failure of timely service of process against the Commonwealth defendants, however, because the Commonwealth had filed a Rule 12(b) motion on March 9, 2018. *Dougherty v. Dupes*, Civ. Action No. 1:17-CV-01542-JFC, 2018 WL 1696651, at *13 (M.D. Pa. Apr. 6, 2018). The court's April 6, 2018 memorandum opinion indicated that because the Commonwealth defendants had filed the motion without "asserting insufficiency of service of process in it, they now have waived any challenge to the service of process, FED R. CIV. P. 12(h), as of the date of that filing and will be required to answer the complaint if their motion is denied in accordance with Rule 12." *Id.* As a result, the court must now decide whether to grant or deny the Commonwealth defendants' motion to dismiss.

### III.     STANDARDS FOR MOTION TO DISMISS

Before addressing the applicable standards, this court must be mindful of plaintiff's *pro se* status. *Pro se* plaintiffs are held to a less stringent standard than individuals represented by counsel. *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) ("*pro se* litigants are held to a lesser pleading standard than other parties"). Pleadings filed by *pro se* litigants are to be liberally construed, and courts should be flexible when applying procedural rules. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) (citing *Higgs v. Att'y Gen.*, 655 F.3d 333,

339 (3d Cir. 2011)). A *pro se* plaintiff, however, is still required to adhere to standard rules of civil procedure. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A. **Motion to Dismiss Pursuant to Rule 12(b)(1)**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), "a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). Jurisdictional challenges may be treated as either "facial" or as "factual." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). A facial attack asserts that a claim "is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law, or because some other jurisdictional defect is present." *Id.* at 358. A facial attack "can occur before the moving party has filed an answer or otherwise contested the factual allegations of the complaint." *Id.* (citation omitted). On the other hand, a factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Constitution Party of Pa.*, 678 F.3d at 358).

Here, the Commonwealth defendants make a facial challenge, arguing that Eleventh Amendment immunity bars plaintiff's claims. *Slinger v. New Jersey*, 366 F. App'x 357, 359-60 (3d Cir. 2010) (noting that the state defendants brought a facial challenge to subject-matter jurisdiction by asserting Eleventh Amendment immunity, but reversing on other grounds). When analyzing a facial attack on subject-matter jurisdiction, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir.

6

2000). "Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party." *Constitution Party of Pa.*, 757 F.3d at 358 (citing *In re Schering Plough*, 678 F.3d at 243).

B. <u>**Motion to Dismiss Pursuant to Rule 12(b)(6)**</u>

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12(b)(6) motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering such a motion, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a motion pursuant to Rule 12(b)(6), a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A formulaic recitation of a cause of action's elements will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level," *id.*, and sufficient "to state a claim to relief that is plausible on its face," *id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

The Court of Appeals for the Third Circuit has instructed that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). The court explained:

> First it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679.

*Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)).

## IV. DISCUSSION

### A. Eleventh Amendment Immunity

Dougherty attempts to assert federal claims under 42 U.S.C. § 1985 and 28 U.S.C. § 1654 against the Commonwealth defendants. (ECF No. 1-2). The Commonwealth defendants contend that this action is barred against them by the Eleventh Amendment of the United States Constitution. (ECF No. 78-79).

The court agrees with the Commonwealth defendants that the Eleventh Amendment bars plaintiff from maintaining this action against them. The Eleventh Amendment of the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subject of any Foreign State." U.S. Const. amend. XI. The Court of Appeals for the Third Circuit has held that "[t]he Eleventh Amendment renders

8

unconsenting States immune from suits brought in federal courts by private parties." *Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 551 F.3d 193, 197 (3d Cir. 2008). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it . . . a State cannot be sued directly in its own name regardless of the relief sought." *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)).

As part of the Pennsylvania judicial system, the Commonwealth defendants are entitled to the same Eleventh Amendment immunity that the Commonwealth enjoys. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (affirming a grant of summary judgment in favor of the judicial defendants because "the Judicial District has Eleventh Amendment immunity"); *Callahan v. City of Phila.*, 207 F.3d 668, 672 (3d Cir. 2000) (finding that "[a]ll courts and agencies of the unified judicial system . . . are part of 'Commonwealth government' and thus are state rather than local agencies"). Although plaintiff in this case seeks both damages and declaratory relief, the Eleventh Amendment immunity applies regardless of the type of relief sought. *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 185 (3d Cir. 2005).

No exceptions to Eleventh Amendment immunity are applicable here. Congress has not expressly abrogated the states' Eleventh Amendment immunity for an action brought under § 1985, *Boykin v. Bloomsburg Univ. of Pa.*, 893 F. Supp. 378, 394 (M.D. Pa. 1995), *aff'd*, 91 F.3d 122 (3d Cir. 1996) (finding that "the states' immunity has not been abrogated for actions brought under §§ 1981, 1985, and 1986") (citing *Rode v. Dellarciprete*, 617 F. Supp. 721, 723 (M.D. Pa. 1985), *aff'd*, 845 F.2d 1195 (3d Cir. 1988)), and likewise there is no basis on which the court can discern any express abrogation of Eleventh Amendment immunity for any claim under § 1654.[3]

---

[3]Consideration of § 1654, which provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively are permitted to manage and conduct causes therein," makes it evident that there

9

Additionally, the Commonwealth of Pennsylvania has not consented to be sued. *See* 1 PA.CONS.STAT. § 2310 (stating that it is "the intent to the General Assembly that the Commonwealth . . . shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity"); 42 PA.CONS.STAT. § 8521(b) (ensuring that "[n]othing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts"); *Friends and Residents of St. Thomas Twp., Inc. v. St. Thomas Dev., Inc.*, 176 F. App'x 219, 226-27 (3d Cir. 2006) (affirming that the Commonwealth of Pennsylvania has not consented to suit in a § 1983 and § 1985 action). As a result, Eleventh Amendment immunity precludes the plaintiff from maintaining his federal civil action against the Commonwealth defendants. *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n. 2 (3d Cir. 1996) ("the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction.").

In a similar case filed by Dougherty in which he sued Pennsylvania and Maryland state judicial defendants for prior unfavorable rulings, the Court of Appeals for the District of Columbia Circuit held "that appellant's claims for damages against the government and judicial officers were barred by sovereign immunity and the Eleventh Amendment." *Dougherty v. McKee*, No. 16-5052, 2017 WL 2332591 at *1 (D.C. Cir. Feb. 2, 2017), *aff'g*, *Dougherty v. United States*, 156 F. Supp. 3d 222. The District Court for the Middle District of Pennsylvania has held that Dougherty's claims against Pennsylvania Commonwealth Court judges for their decisions and rulings are barred by the Eleventh Amendment. *Dougherty v. Snyder*, Civ. Action No. 1:CV-1-1071, 2011 WL 1871226, at *13 (M.D. Pa. May 16, 2011), *aff'd*, 469 F. App'x 71

---

would be no need to abrogate immunity of the states. Section 1654 is directed at the management and conduct of cases <u>in the federal courts</u>, over which the states would have no control or direction.

10

(3d Cir. 2012) (granting dismissal for lack of subject-matter jurisdiction because suit against the Commonwealth judge "in his official capacity is really against the judicial district," and therefore, "the suit is barred by the Eleventh Amendment").

The court agrees with these decisions of the Court of Appeals for the District of Columbia Circuit and the District Court for the Middle District of Pennsylvania, affirmed by the Court of Appeals for the Third Circuit, and holds that the Eleventh Amendment bars plaintiff's claims against the Commonwealth Court and the Pennsylvania Unified Judiciary. As a result, the claims against the Commonwealth Court and the Pennsylvania Unified Judiciary will be dismissed for lack of subject-matter jurisdiction.

### B. *Rooker-Feldman* Doctrine

Although the defendants did not raise the *Rooker-Feldman* doctrine as grounds for dismissal, the doctrine is a challenge to subject-matter jurisdiction, which can be raised by the court *sua sponte*. *White v. Rabner*, 349 F. App'x 681, 682-83 (3d Cir. 2009) (affirming the District Court's *sua sponte* dismissal of the plaintiff's complaint under the *Rooker-Feldman* doctrine). "[T]he *Rooker-Feldman* doctrine circumscribes federal subject matter jurisdiction by precluding a district court from hearing cases 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Johnson v. Draeger Safety Diagnostics, Inc.*, 594 F. App'x 760, 763-64 (3d Cir. 2014) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)).

The Court of Appeals for the Third Circuit has explained,

> there are four requirements that must be met for the *Rooker-Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were

rendered before the federal suit was filed; and (4) the plaintiff is inviting the
district court to review and reject the state judgments.

*Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (quoting *Exxon Mobil*, 544 U.S. at 284). Often, "[t]he second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim." *Id*. The first and third requirements are clearly met in this case. Plaintiff has received multiple unfavorable verdicts in state courts, and those orders had become final before plaintiff initiated this action in federal court. *Dougherty v. North Hopewell Township*, No. 94 C.D.2010, 2010 WL 9517595, at *4 (Pa. Commw. Ct. Aug. 5, 2010) (affirming the dismissal of Dougherty's complaint contesting a zoning dispute on the basis of *res judicata*) (mentioned in ECF No. 1 at 18, 26, 56); *Runk v. Pennock*, No. 1950 MDA 2014, 2015 WL 6132998, at *1 n. 4 (Pa. Super. Ct. 2015) (affirming that Dougherty could neither represent the plaintiff in court because Dougherty is not an attorney nor could he be added as a party to the action) (mentioned in ECF No. 1 at 33, 64, 77, 80, 100). Although plaintiff specifically mentions *Dougherty v. North Hopewell Township* and *Runk v. Pennock*, the complaint protests all prior unfavorable state and federal judgments, stating: "In all claims "Keith Dougherty incorporates by Reference all 22+ Cases." (ECF No. 1 at 100). The court must then focus on the second and forth prongs, which the court of appeals has described as "closely related." *Id.* at 168.

    The allegations in the complaint and the type of relief sought demonstrate that plaintiff is, at least in part, challenging the prior judgments and not just the actions that preceded it. *See Great W. Mining*, 615 F.3d at 166-67 (quoting *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 87 (2d Cir. 2005)). *Rooker-Feldman* prohibits this court from granting that relief. *See, e.g.*, *Gary v. Braddock Cemetery*, 517 F.3d 195, 200 (3d Cir. 2008) (affirming that the *Rooker-Feldman* doctrine barred the plaintiffs' claims protesting a previously decided state court

judgment); *Walker v. Horn*, F.3d 321, 332 (3d Cir. 2004) (finding that the *Rooker-Feldman* doctrine barred a prisoner's due process claim protesting a state court preliminary injunction to force-feed the man while he was in jail); *Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of N.Y. and N.J. Police Dep't,* 973 F.3d 169, 178 (3d Cir. 1992) (affirming that under the *Rooker-Feldman* doctrine, "a federal district court may not sit as an appellate court to adjudicate appeals of state court proceedings").

In another case filed by the plaintiff, the Court of Appeals for the Third Circuit held that "Dougherty's express request for an injunction to overturn apparently unfavorable (but unspecified) state-court decisions that Dougherty alleges have injured him is barred by the *Rooker-Feldman* doctrine." *Best*, 612 F.App'x at 639. The District Court for the District of New Jersey also barred a claim filed by Dougherty with respect to his brother explaining:

> Assuming that state court proceedings have concluded, the Rooker-Feldman doctrine applies to bar Plaintiff's claims. This Court cannot review, negate, void, or provide relief that would invalidate decisions in the state court matter. Thus, to the extent Plaintiffs directly challenge the state court's findings necessitating Kevin Dougherty's removal from his home and ask this Court to overturn that judgment, their claims are barred.

*Dougherty v. Adams-Dougherty*, Civ. Action No. 15-8541, 2016 WL 5219460, at *4 (D.N.J. Sept. 21, 2016). In an unsuccessful attempt by Dougherty to remove an action from Maryland state court into federal district court, the District Court for the Middle District of Pennsylvania held:

> Since the *Rooker-Feldman* doctrine prevents federal judges from considering lawsuits brought by state-court losers complaining of injuries cause by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments," *Turner v. Crawford Square Apartments III, LLP*, 449 F.3d 542, 547 (3d Cir. 2006), we must decline the invitation of [this] state court loser to complain of injuries caused by this

particular state court judgment which was rendered long before these proceedings commenced.

*Cluck-U Corp. v. Docson Consulting, LLC*, Civ. No. 1:11-CV-1295, 2011 WL 4073129, at *5 (M.D. Pa. Aug. 30, 2011).

The court today will follow the reasoning of those decisions and holds that the *Rooker-Feldman* doctrine bars plaintiff's claims for relief from prior state court judgments. In summary, plaintiff's claims against the Commonwealth Court Clerk and the Pennsylvania Unified Judiciary are barred by the Eleventh Amendment and to the extent he is challenging final state court judgments also by the *Rooker-Feldman* doctrine.

### C. Motion to Dismiss Pursuant to 12(b)(6)

Alternatively, the Commonwealth defendants argue that the complaint fails under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF No. 78-79). According to *Bell Atlantic Corp. v. Twombly*, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and sufficient "to state a claim to relief that is plausible on its face," *id.* at 570. In this case, plaintiff's complaint contains rambling allegations of judicial conspiracy, but it does not contain any factual allegations that raise a right to relief above the speculative level, and thus, it fails to specify grounds for his entitlement to relief. (ECF No. 1). While the court agrees that Rule 12(b)(6) would provide an additional procedural avenue for relief to the Commonwealth defendants, because the court lacks subject-matter jurisdiction under the Eleventh Amendment and the *Rooker-Feldman* doctrine, it determines that it need not make a determination on the Commonwealth's arguments with respect to Rule 12(b)(6) at this time.

14

## D. Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint should be "freely give[n] . . . when justice so requires." FED. R. CIV. P. 15(a)(2). The Court of Appeals for the Third Circuit has instructed that "if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). An amendment is futile when it would not cure the deficiency in the complaint, or, in other words, when the complaint, as amended, would still fail to state a claim upon which relief could be granted, *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000), or it is otherwise futile. The Court of Appeals for the Third Circuit has held that amendment is futile if the complaint is barred by the Eleventh Amendment. *Andrews v. Hens-Greco*, 641 F. App'x 176, 181 n. 6 (3d Cir. 2016). Amendment of the complaint can also be futile if the complaint is barred by the *Rooker-Feldman* doctrine. *Klein v. United States*, Civ. Action No. 3:CV-11-2057, 2012 WL 928698, at *17 (M.D. Pa. Feb. 13, 2012). Additionally, amendment is futile if the amended complaint cannot withstand a renewed motion to dismiss. *Shane*, 213 F.3d at 116. "[T]hese principals apply equally to *pro se* plaintiffs and those represented by experienced counsel." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

Plaintiff's claims against the Commonwealth defendants are barred by lack of subject-matter jurisdiction under both the Eleventh Amendment and to the extent plaintiff is challenging final state court judgments the *Rooker-Feldman* doctrine. Amending the complaint would be futile because a deficiency based on the lack subject-matter jurisdiction cannot be cured by an

15

amended complaint, and, as a result, the complaint against the Commonwealth defendants must be dismissed with prejudice. *Shane*, 213 F.3d at 115.

## V. CONCLUSION

For the foregoing reasons, the motion to dismiss filed by the Commonwealth defendants will be granted. The Eleventh Amendment bars plaintiff's claims, and the court, therefore, lacks subject-matter jurisdiction over the claims brought against the Commonwealth defendants. The *Rooker-Feldman* doctrine also bars the plaintiff's claims that protest prior state court judgments. As a result, amendment to the complaint is futile. Accordingly, plaintiff's complaint against the Commonwealth Court Clerk and the Pennsylvania Unified Judiciary will be dismissed in its entirety with prejudice.

An appropriate order follows.

Dated: August 15, 2018

By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge