IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEITH DOUGHERTY,** *et. al*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:17-CV-01541-JFC |
| | ) | |
| **JARED DUPES,** *et. al*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

CONTI, Chief District Judge of the United States District Court for the Western District of Pennsylvania[1]

### I. BACKGROUND

Plaintiff Keith Dougherty ("plaintiff" or "Dougherty"), *pro se*, instituted this action on August 28, 2017 against "Jared Dupes PA Department of Revenue Bureau of Compliance In his 'individual and Supervisory[2] Capacity;'" "Commonwealth Court Clerk In its Executive and Official Capacity;" "Christopher Conner IN his Executive Function;" "Caldwell, Jones, Carlson, Blewit, Welsh, 'in their official capacity;'" and "PA Unified Judiciary" "IN their 'official capacity,'" by paying the filing fee and filing a complaint. (ECF No. 1). On January 19, 2018, the court ordered plaintiff to show cause why the case against Jared Dupes in his individual capacity should not be dismissed for failure to prosecute due to lack of service of process. (ECF

---

[1] On November 1, 2017, this matter was assigned to the undersigned by Order of Designation of the United States Court of Appeals for the Third Circuit. (ECF No. 27).
[2] The court interprets the naming of Jared Dupes in his individual and supervisory capacities to intend a suit against Jared Dupes in his individual and official capacities.

1

No. 55). The court by order dated April 6, 2018 dismissed the action against Jared Dupes in his individual capacity, (ECF No. 93), because, as the court explained in its memorandum opinion, it determined that Dougherty failed to show cause in response to the January 19, 2018 show cause order. (ECF No. 92). By that same April 6, 2018 order, the court also ordered Dougherty to show cause why the action against the defendants identified by plaintiff as Jared Dupes in his official capacity; "Christopher Conner, IN his Executive Function;" and "Caldwell, Jones, Carlson, Blewit, Welsh 'in their official capacity,'" should not be dismissed for failure to prosecute due to the failure of plaintiff to serve original process upon them. (ECF No. 93).[3] As indicated below, the court now will dismiss the claims against defendants Jared Dupes in his "supervisory capacity" "Christopher Conner IN his Executive Function;" and "Caldwell, Jones, Carlson, Blewit, Welsh, 'in their official capacity'" for failure to show cause for the lack of service of original process upon these defendants.

II. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 4(m), service of summons and complaint is to be effectuated upon all named defendants within 90 days of filing the complaint, with proof of same being filed with the court. The court explained in its April 6, 2018 memorandum opinion, that plaintiff Keith Dougherty, *pro se,* did not serve original process on any defendant, including specifically the following defendants as they are identified in the caption of the complaint, namely: Jared Dupes in his official capacity, "Christopher Conner, IN his Executive Function;"

---

[3] With respect to the defendants identified as "Commonwealth Court Clerk In its Executive and Official Capacity;" and the "PA Unified Judiciary," the court by separate memorandum opinion and order issued today dismissed the claims against these defendants on their motion to dismiss.

and "Caldwell, Jones, Carlson, Blewit, Welsh 'in their official capacity.'" Therefore, the court entered an order with respect to this failure, specifically stating:

> Keith Dougherty, *pro se,* SHALL show cause by April 27, 2018, why the action should not be dismissed against the following defendants as they are identified in the caption of the complaint, namely: Jared Dupes sued in his official capacity; "Christopher Conner, IN his Executive Function;" and "Caldwell, Jones, Carlson, Blewit, Welsh 'in their official capacity,'" for failure to prosecute due to the failure of plaintiff to serve original process upon them[.]

(ECF No. 93 at 1).

Dougherty has been given ample opportunity to respond and show good cause. Instead, in response to this show cause order, Dougherty filed a "Motion for Reconsideration of Show Cause ECF 93," (ECF No. 94) (described by plaintiff on the docket as "MOTION for Reconsideration *Rule 16 Only)*," "Brief in Support of Motion for Reconsideration of Show Cause," (ECF No. 95), which the court also construes as a response to the show cause order, and "Response to Show Cause," (ECF No. 96), and corrected "Response to Show Cause (ECF No. 97). Those filings argue that the court had no power to enter a show cause order, only has jurisdiction to enter default in his favor, and once the default is entered then has jurisdiction only to schedule a status conference, and empanel a jury, (ECF Nos. 94 at 2-4; 95 at 2, 7-8; 96 at 2, 22), despite the fact that no defendant ever has been served with original process. Attached to Dougherty's "motion for reconsideration" are the previously filed "proofs of service," (ECF No. 94-1, and 94-2), which the court thoroughly explained in its April 6, 2018 memorandum opinion are inadequate to show service of original process. Dougherty's filings with respect to the show cause order, though largely unintelligible, appear also to argue the supposed merits of his claims, (ECF Nos. 95 at 1, 8-9, 13; 96 at 3)), perhaps as a basis for him to ignore required service.

As discussed in the court's April 6, 2018 memorandum opinion, service of original process is required for the case to proceed against any defendant, by default or otherwise, and Federal Rule of Civil Procedure 4(m) expressly provides for the court's show cause order and for its dismissal of the action for failure to serve original process after plaintiff's failure to show good cause.

Based upon the court's prior determination with respect to Dougherty's failure to serve original process and the provisions of Rule 4(m), the court determines that Dougherty did not show a basis for reconsideration. Qazizadeh v. Pinnacle Health System, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016) (providing for reconsideration of a non-final order when consonant with justice). The court, therefore, will deny the "motion for reconsideration" of the show cause order. Because the court explained in detail in its April 6, 2018 memorandum opinion, (ECF No. 92), 1) the requirements of service of original process pursuant to Federal Rule of Civil Procedure 4 ("Rule 4") and the interplay of Federal Rule of Civil Procedure 5 with respect to service of papers other than original process, 2) that a plaintiff proceeding *pro se* is not excused from compliance with the service of process requirements of Rule 4, (ECF No. 92 at 4) (citing McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Veal v. United States, 84 F. App'x 253, 256 (3d Cir. 2004); McMasters v. United States, 260 F.3d 814, 817-818 (7th Cir. 2001) (there must be compliance with the directives of Rule 4 and that plaintiff is *pro se* does not excuse failure to comply with Rule 4); and Olson v. Edwards, No. 11-CV-072-MJR-PMF, 2013 WL 252468, at *4 (S.D. Ill. Jan. 23, 2013) ("substantial compliance" with service of process rules insufficient); and 3) all of the particular failures with respect to service of original process in this matter, the court need not

again and herein delineate these matters and it stands by its determination that Dougherty did not effectuate service of original process upon Jared Dupes PA Department of Revenue Bureau of Compliance In his '[] Supervisory Capacity;'" "Christopher Conner IN his Executive Function;" and "Caldwell, Jones, Carlson, Blewit, Welsh, 'in their official capacity.'" The only matter left for consideration by the court is whether Dougherty showed good cause for the failure of service.

Nothing in Dougherty's filings even attempts to establish any good cause for the failure of service or original process. The court surmises instead from his various filings that Dougherty's position simply is that the court: 1) is incorrect with respect to service of original process; 2) lacks jurisdiction to enter any order with which Dougherty disagrees, and 3) with respect to all of the various defendants, none of whom Dougherty ever has properly served, lacks jurisdiction to do anything other than enter of default or default judgment against them. In sum, Dougherty did not show good cause with respect to the failure to serve original process on these defendants, <u>Felicetty-Stamm v. Secretary Dept. of Homeland Security</u>, 558 F.App'x 189 (3d Cir. 2014) (failure to read or understand Rule 4, will not, in general, provide good cause for lack of proper service), and no basis for provision of additional time, FED. R. CIV. P. 4(m), particularly because he disputes that proper service of original process actually is required of him. Accordingly, the court will dismiss this action as against Jared Dupes in his official capacity; "Christopher Conner, IN his Executive Function;" and "Caldwell, Jones, Carlson, Blewit, Welsh 'in their official capacity.'"

### III. CONCLUSION

For all the foregoing reasons, the court will deny the motion for reconsideration (ECF No. 94), and will dismiss this action against Jared Dupes in his official and supervisory capacity;

"Christopher Conner, IN his Executive Function;" and "Caldwell, Jones, Carlson, Blewit, Welsh 'in their official capacity'" without prejudice.  An appropriate order will be entered.

Dated:   August 15, 2018                         BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge