IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEITH DOUGHERTY,** et. al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:17-CV-01541-JFC |
| ) | |
| **JARED DUPES,** et. al, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

CONTI, Chief District Judge of the United States District Court for the Western District of Pennsylvania[1]

Pending before the court is a document filed by plaintiff Keith Dougherty ("Dougherty" or "plaintiff") entitled "Praecipe to Supplement the Record and 'add State and Federal Defendants' Pursuant to Rule 21 as 'properly applied' in Zambelli Fireworks 'as opposed to corruption' of Caldwell, Conner, Blewit, Slomsky, Motz 13-CV-857 (MD PA)." (ECF No. 9 at 1). The court construes this filing as a motion for joinder pursuant to Federal Rule of Civil Procedure 21 (ECF No. 9). This document does not contain and is not in the form of an amended or proposed amended complaint, and thus, the court considers it generally as a request to add as defendants the individuals indicated by plaintiff in the filing. Also filed by Dougherty is a document described by him on the docket as "Supplemental JOINDER COMPLAINT '*mandatory claims processing* rules.'" (ECF No. 36). That document, however, is merely a copy of what appears to

---

[1] On November 1, 2017, this matter was assigned to the undersigned by Order of Designation of the United States Court of Appeals for the Third Circuit. (ECF No. 27).

1

be a motion for reconsideration and for *en* banc panel review that Dougherty previously filed in In re Keith Dougherty, Third Cir. Appeal Nos. 13-1040 and 13-1904 (Apr. 21, 2014). For the following reasons, the motion for joinder will be denied, and all defendants in this action having been dismissed, the clerk will be directed to mark this case closed.

I. **Standard for Joinder**

Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." FED. R. CIV. P. 21. The court has broad discretion in resolving a motion under Rule 21. Where the proposed claims against the parties that the plaintiff seeks to add would be futile or are brought in bad faith, the Rule 21 motion is properly denied in consideration of the standards applied to motions to amend, generally, which are brought under Federal Rule of Civil Procedure 15. Jackson v. Rohm & Haas Co., Civ. Act. No. 05-4988, 2006 WL 3761982, at *1 (E.D. Pa. 2006); Grayson v. Mayview State Hosp., 293 F. 3d 103, 113 (3d Cir. 2002) (denial of Rule 15 motion appropriate if amendment is futile); Heath v. Martin, No. 4:04-CV-2275, 2013 WL 3776412, at * 7-8 (M.D. Pa. July 17, 2013) (determining amendment futile and joinder properly denied where plaintiff sought to include meritless claims against the parties to be added, after considering the proposed averments against the proposed additional parties in his motions papers).

Federal Rule of Civil Procedure 20, governing permissive joinder, provides:

> (2) Defendants. Persons—as well as vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative **with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences**; **and**
> (B) any question of law or fact common to all defendants will arise in the

2

action.

Fed. R. Civ. P. 20(a)(2). The Court of Appeals for the Third Circuit explained in DirecTV, Inc. v. Leto, 467 F.3d 842 (3d Cir. 2006), that:

> Federal Rule of Civil Procedure 20(a) permits "joinder"—the joining together of more than one party—if the plaintiff's claim "aris[es] out of the same transaction ... <u>and</u> if any question of law or fact common to all defendants will arise in the action." Misjoinder, on the other hand, occurs when there is no common question of law or fact **or** when, as here, the events that give rise to the plaintiff's claims against defendants do not stem from the same transaction.

DirecTV, Inc. v. Leto, 467 F.3d at 844 (emphasis added). Where the attempted joinder of defendants does not comport with Rule 20(a)(2), as for example when it proposes to add unrelated claims against different defendants, it is properly denied under Rule 21. Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (complaints with unrelated claims against different defendants belong in separate lawsuit and they should be rejected by severing the action into separate suits or by dismissing the improperly joined defendants under Rule 21); Baadhio v. Hofacker, Civ. Ac. No. 15-2752, 2015 WL 6445802 (D. N.J. Oct. 23, 2015) (dismissing unrelated claims pursuant to Rule 21); Richardson v. Proctor and Gamble, No. 3:07-CV-2038, 2008 WL 483337, at *1-2 (N.D. Tex. Feb. 18, 2008) (dropping *sua sponte* from action unrelated defendants joined in violation of Rule 20(a)(2)).

**II.     Analysis**

It appears from Dougherty's filing that he seeks pursuant to Rule 21 to add to this action the following defendants as he describes them: "Senior Judge Robreno of the ED PA, along with the ED Chief Clerk Philadelphia Office, Chief Judge Simandle of the NJ District Court, the Deputy Clerk in Charge of the Camden District Court Defendants; Judge Kramer, Judge Schweitzer, and

3

Judge Ragonese of the 'NJ Superior Court.'" (ECF No. 9 at 1).

First, and foremost, Dougherty does not provide any articulated basis for proper joinder of these defendants in this action. Indeed, the Complaint does not mention them. Additionally, considering the documents filed at ECF No. 9 and ECF No. 36, the individuals he seeks to join are only mentioned:

- with respect to the listing of their names at the beginning of the motion for joinder (ECF No. 9 at 1);

- in a sentence in that motion providing a conclusory allegation that these individuals "conspired to void the 6th Amendment" with respect to Dougherty (ECF No. 9 at 7), but providing no averments of any conceivable connection between any of them with respect to actions they have taken with which Dougherty takes issue, to the extent actions by them challenged by Dougherty are discernable; and

- in a document attached as part of ECF No. 9 and labelled as "Exhibit EE," which appears to be a motion filed by Keith Dougherty *pro se* in another matter seeking reconsideration of an order denying his intervention in a family matter filed in New Jersey Superior Court between his brother, Kevin Thomas Dougherty, and Tracey Adams Dougherty, and which references therein two of the proposed defendants, namely, New Jersey Superior Court Judges Sherrie Schweitzer and Mary Beth Kramer, (ECF N0. 9 at 15, 23, 25, 29, 31, 34), but which also provides no averments of any conceivable connection between their actions and the actions alleged in the Complaint, to the extent actions by them challenged by Dougherty are discernable.

Thus, Dougherty has provided no basis in support of proper joinder of the proposed defendants.

In considering the complaint and the asserted motion and supportive filings, which admittedly are difficult to decipher, Best v. U.S. Foods Inc. De. Div., 612 F. App'x 636, 637 (3d Cir. 2015) (finding Dougherty's filings largely unintelligible); Dougherty v. Advanced Wings, LLC, Civ. Action No. 1:13-cv-447, 2013 WL 4041589, at *3 (M.D. Pa. Aug. 7, 2013) (same); Dougherty v. Adams-Dougherty, Civ. Action No. 15-8541, 2017 WL 5179534, at *2 (D.N.J. Nov. 8, 2017) (same), due to the fact that they are written in a stream of consciousness style, include disjointed sentences, and follow no consistent form of legal citation, the court can

4

discern no connection sufficient for joinder between any claims against the present defendants, consisting of judges and the acting clerk of court for the United States District Court for the Middle District of Pennsylvania, the Pennsylvania judiciary, and an official of the Pennsylvania Department of Revenue, and any claims against the proposed defendants, consisting of a judge and clerk of the United States District Court for the Eastern District of Pennsylvania, a judge and clerk of the United States District Court for the District of New Jersey, and New Jersey Superior Court judges. To the extent that common legal questions would be involved as required under Rule 20(a)(2)(B), the averments do not arise out of the same, transaction, occurrence, or series of transactions or occurrences as required under Rule 20(a)(2)(A). That different judges in varying courts, state and federal, and in various contexts, including with respect to his attempted intervention in a family court matter in New Jersey and his attempt in various courts to represent the legal interests of a limited liability company although he is not an attorney, have issued similar legal rulings with which he disagrees, does not give rise to claims that are conceivably considered as being "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" within the meaning of Rule 20(a)(2)(A). Although the court anticipates that Dougherty might offer the conclusory averment of an imagined overarching conspiracy, it would be inadequate to assuage this court that it should exercise its discretion to join these additional defendants in this action.

Additionally, Dougherty's filings in this action total thousands of pages and average 3 filings per week, the filings contain endless attempts to reargue matters previously decided in other actions and in appeals in both state and federal court, and the titles indicated by him on the docket entry for nearly all of the filed documents overwhelmingly do not match whatever

5

document he chooses to upload for filing in the CM/ECF system on any particular day. This conduct is vexatious, <u>Dougherty v. Advanced Wings LLP</u>, 611 F. App'x 752 (3d Cir. 2015) ("When we last addressed this civil action, we found it necessary to observe that appellant Keith Dougherty is a frequent and frequently vexatious litigator.") (internal quotations and citations omitted), which clogs the docket, and reveals to the court that his motives are in bad faith.

**III.     Conclusion**

For all these foregoing reasons, the court will exercise its discretion to deny the motion of Dougherty to join "Senior Judge Robreno of the ED PA, along with the ED Chief Clerk Philadelphia Office, Chief Judge Simandle of the NJ District Court, the Deputy Clerk in Charge of the Camden District Court Defendants; Judge Kramer, Judge Schweitzer, and Judge Ragonese of the 'NJ Superior Court" as defendants in this action. (ECF No. 9). Additionally, because the document filed at ECF No. 36 is not in the form of any complaint, joinder or otherwise, and is merely a copy of a previous motion filed in the appellate court, the court will order the document stricken to the extent Dougherty contends it is a supplemental joinder complaint—because it is not.

An appropriate order follows.

August 15, 2018                                          By the court:

                                                                    /s/ Joy Flowers Conti
                                                                    Joy Flowers Conti
                                                                    United States District Judge