IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEITH DOUGHERTY,** et. al, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:17-CV-01541-JFC |
| **JARED DUPES,** et. al, | ) ) ) | |
| Defendants. | ) | |

### **MEMORANDUM OPINION**

CONTI, Chief District Judge of the United States District Court for the Western District of Pennsylvania[1]

### I.  Factual History

Dougherty's filings in this matter contain thousands of pages and have, as previously indicated by the court, averaged approximately three filings per week. (ECF No. 148 at 5). His recent barrage of filings, (ECF Nos. 150-172), continue this course of action.

On August 15, 2018, the court entered the following orders:

- ECF No. 143 denying Dougherty's motion for reconsideration (ECF No. 72) of the court's prior orders (ECF Nos. 70, 71), that all communications from Dougherty to the court be written and filed on the docket, and dismissing purported co-plaintiffs Brent Frey, Erica Frey, and R. Michael Best, on behalf of whom Dougherty, who is not a licensed attorney, had filed documents electronically on the docket by appending their names and purported electronic signatures to the complaint and other filings;

- ECF No. 145 granting the motions pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) filed by the Commonwealth Court Clerk and the Pennsylvania Unified Judiciary to dismiss the Complaint with prejudice, who as previously

---

[1] On November 1, 2017, this matter was assigned to the undersigned by Order of Designation of the United States Court of Appeals for the Third Circuit. (ECF No. 27).

1

indicated by the court, *Dougherty v. Dupes*, Civ. Action No. 1:17-CV-01542-JFC, 2018 WL 1696651, at *13 (M.D. Pa. Apr. 6, 2018). (ECF No. 144 at X), had not been served with original process but had waived service upon filing the motions to dismiss;

- ECF No. 147 denying the motion for reconsideration of the court's prior order that Dougherty show cause why the action as against defendants identified in the caption of the complaint as Jared Dupes sued in his official and supervisory capacity, Christopher Conner, IN his Executive Function; and Caldwell, Jones, Carlson, Blewit, Welsh in their official capacity should not be dismissed for failure to effect service of original process upon them, and dismissing the action against these defendants without prejudice for failure of service of original process; and

- ECF No. 149 denying the motion for joinder of additional defendants; striking the supplemental joinder complaint filed without leave; ordering the case closed because all defendants had been dismissed from the action; and denying as moot any remaining pending motions.

Pending before the court are the following motions for reconsideration filed by plaintiff Keith Dougherty ("Dougherty"):

- a motion to reconsider the court's August 15, 2018 order docketed at ECF No. 145, which is titled by Dougherty on the docket as "First Motion for Reconsideration 'Appointments Clause Violation,'" and which is titled on the document uploaded as Motion for Reconsideration ECF Doc 145, (ECF No. 150), with brief in support (ECF No. 151);

- a motion to reconsider the court's August 15, 2018 order docketed at ECF No. 147, which is titled by Dougherty on the docket as "Motion for Reconsideration Default under Hamer," and which is titled on the document uploaded as "Motion for Reconsideration ECF Doc 147 and [or] in the Alternative a [leave to amend] 'preliminary injunction' to compel Article IV of the US Constitution 'as a right of the people' . . . (to impose the ['common law'] as only [on the PA, NJ, MD Courts]) as, to be 'understood by the voters' Heller I Pp. 3-5," (ECF No. 152), with brief in support (ECF No. 154);

- a motion to reconsider the court's August 15, 2018 order docketed at ECF No. 149, which is titled by Dougherty on the docket as "Motion for Reconsideration 1682 Colonial Law," and which is titled on the document uploaded as "Motion for Reconsideration of ECF Doc 149 and Criminal Grand Jury [compilation] under The Pennsylvania Frame of Government of 1682; Footnote 39 Faretta California "PA Residents retain the right to act as their own 'prosecutor'" § 1503," (ECF No. 154),

2

- with brief in support (ECF No. 155); and

- a document tiled on the docket as "Letter from Keith 3 of 5 Released by Rule 'you are bound down by strict rules' and 'precedents,'" (ECF No. 156), which is titled on the document as "As a Letter of Further Explanation to this [confused] Court," and which states at the beginning "[a]nd now comes Keith Dougherty *pro se* and files action for reconsideration"; The Middle District Courts as a 'criminal cabal.'"

It appears that there is no presently pending motion for reconsideration of the court's order at ECF No. 143. To the extent Dougherty intends any such motion, it will be denied as successive.

Yet again, Dougherty argues as he has in numerous other filings that the court has no ability to enter orders in this case other than the entry of default against the defendants and in his favor. See, e.g. (ECF Nos. 75 at 5; 154 at 4-5; 150 at 1, 4-5, 10-11, 21; 156 at 8; 155 at 10; 157 at 7, 16; 160 at 12, 15); see also Dougherty v. Advanced Wings LLP, 611 F. App'x 752, 753 (3d Cir. 2015) (acknowledging that Dougherty's argument that the district court lacks jurisdiction to deny his motion for default has been squarely rejected by the appellate court); In re Dougherty, 563 F. App'x 96, 98 (3d Cir. 2014) (rejecting argument by Dougherty that the district court somehow lacks "jurisdiction" to deny default against a defendant who had not been served and further pointing out the district court also would have discretion to deny default otherwise).

Also pending is what appears to be a motion for some sort of a hearing, which is titled by Dougherty on the docket as "Motion for hearing rule 55 'declaratory judgment' Unoposed." (ECF No. 160). Because that "motion" references a supposed "55(a) Conspiracy," (ECF No. 160 at 12); Federal Rule of Civil Procedure 55(a) provides for the clerk's entry of default; and Dougherty has repeated *ad nauseam* in filings in this and prior actions with respect to the lack of a default entered by the clerk or the court that the court can only proceed to enter a default in his favor, regardless whether he properly served any parties, the court considers ECF No. 160 also to

be a motion for reconsideration of the court's prior orders with respect to default.

The court will deny these motions.

## II. Standard of Review

As explained in Qazizadeh v. Pinnacle Health System, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016), a motion for reconsideration requires a showing that there is a change in controlling law, previously unavailable or "new" evidence, or the need for the court to correct a clear legal error or prevent manifest injustice. Qazizadeh, 214 F. Supp. 3d at 295 (citing Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). A motion for reconsideration of an interlocutory order is not a means to reargue matters already disposed of with respect to which there is "disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citation omitted); Kropa v. Cabot Oil & Gas Corp., 716 F. Supp. 2d 375, 378 (M.D. Pa. 2010) (reconsideration does not provide a second bite at the apple). A motion for reconsideration is not a means "to raise new arguments or evidence that could have been proffered prior to the issuance of the order in question." Langston v. Hershey Medical Center, Case No. 1:15-CV-2027, 2016 WL 6780702, at *2 (M.D. Pa. Nov. 16, 2016).

## III. Analysis

Dougherty's present filings, like his others, present no valid arguments for reconsideration of the court's August 15, 2018 orders, and therefore the motions will be denied. Much of the filings with respect to these motions is undecipherable, disjointed, rambling, unintelligible and

quite simply presented in a near impossible to understand stream of consciousness style. See Best v. U.S. Foods Inc. De. Div., 612 F. App'x 636, 637 (3d Cir. 2015); Dougherty v. Adams-Dougherty, Civ. Action No. 15-8541, 2017 WL 5179534, at *2 (D. N.J. Nov. 8, 2017); Dougherty v. Advanced Wings, LLC, Civ. Action No. 1:13-cv-447, 2013 WL 4041589, at *3 (M.D. Pa. Aug. 7, 2013). The motions for reconsideration are not supported by any good cause, change in controlling law, previously unavailable or "new" evidence, or need for the court to correct clear legal error or to prevent manifest injustice. Thus, they utterly fail under the reconsideration standard.

With respect to the request for a hearing, plaintiff has included statements in various filings to the effect that the court must hold a case management conference and has failed to do so. See, e.g, (ECF No. 157 at 11). Federal Rule of Civil Procedure 16(a) provides that the court "may order" unrepresented parties to appear for pretrial conferences and Rule 16(b)(1), with respect to the court's scheduling orders, provides for the timing of certain scheduling or case management orders "[e]xcept in categories of actions exempted by local rule." Fed. R. Civ. P. 16(b)(1). Middle District of Pennsylvania LR 16.1 exempts cases involving *pro se* parties from the requirement of holding such conferences unless otherwise ordered by the court, which the court has not done. Accordingly, there is no requirement in this case for any conference or hearing. To the extent Dougherty requests a hearing through ECF No. 160, particularly with respect to any request for hearing on his contention that he is entitled to default though he did not properly serve any defendant with original process, (ECF No. 92 at 27-29), the motion will be denied.

## IV.  Conclusion

For all the foregoing reasons, as well as many others articulated in this action and by other court's addressing Dougherty's same or similar arguments, the motions of Dougherty for reconsideration and for a hearing, (ECF Nos. 150, 152, 154, 156, and 160) will be denied.

An appropriate order follows.


December 4, 2018                    By the court:


                                                                            /s/ Joy Flowers Conti
                                                                            Joy Flowers Conti
                                                                            United States District Judge