5IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH DOUGHERTY, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 17-1541-RGA |
| | : | |
| JARED DUPES, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

The complaint in this case was dismissed on August 15, 2018. Some Defendants were dismissed with prejudice. (D.I. 144 & 145). Some Defendants were dismissed without prejudice. (D.I. 146 & 147). The Clerk was directed to mark the case closed. (D.I. 148 & 149).

Plaintiff (by whom I mean Keith Dougherty) thereafter filed various motions, all of which were denied. (D.I. 173 & 174). Plaintiff appealed, and the appeal was dismissed after Plaintiff did not pay the filing fees. (D.I. 179). Plaintiff filed more papers, including a motion for a preliminary injunction, which was denied. (D.I. 193).

Plaintiff filed more motions, which I now address.[1] I note that the docket entries describing the motions do not always align with what the motions discuss.

The first motion is docketed as "Motion for Reconsideration Transfer." (D.I. 194).[2] The motion is captioned as "Motion for Reconsideration [unopposed] and 'no page limits' as under 60(b)(4); [Thank God] The Quaker Preacher William Penn Saw to it Penn's Woods was 'governed by the English Common Law'".[3] (*Id*. at 1). The motion is forty-five single spaced

---

[1] On May 20, 2020, the Court of Appeals designated me to handle this case. (D.I. 205).
[2] There is a sentence that says the case must be transferred to a Tenth Circuit judge. (D.I. 194 at 3).
[3] The proposed order (D.I. 194-6) seeks the grant of the preliminary injunction, default, and transfer.

1

pages. The only thing that sounds like relevant legal argument is at the beginning, where Plaintiff points out that some Defendants had been dismissed with prejudice and some without prejudice, but that the last opinion of Judge Conti (D.I. 193) described the dismissals as all being with prejudice. I do not need to decide whether this was a misstatement or not, as the decision to deny the preliminary injunction was "entirely without merit" for reasons unrelated to whether dismissals were with or without prejudice. (*Id*. at 2). There is no basis to reconsider the denial of the preliminary injunction, and, assuming that the motion was indeed to transfer the case to a district court in the Tenth Circuit, Plaintiff made no showing as to why such a transfer would be legally possible, let alone in the interest of justice. Thus, the motion to reconsider (D.I. 194) will be denied.

The second motion, captioned "Rule 21 Motion," is docketed as requesting that Judge Conti be added as a Defendant and that the case be reassigned "to the 10th Cir." (D.I. 196).[4] Rule 21 of the Federal Rules of Civil Procedure has nothing to do with amending complaints to add additional defendants or transferring cases. More significantly, Judge Conti has absolute judicial immunity from suit. *See Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). Even if Plaintiff followed the proper procedure to amend a complaint, I would deny leave to amend as being futile. As to transfer, in this motion too, Plaintiff made no showing as to why such a transfer would be legally possible, let alone in the interest of justice. Thus, the motion to join and to transfer (D.I. 196) will be denied.

The third motion, which is docketed as "Motion for Entry of Default US & PA 332(d)(4)," is captioned as "Demand for Default." (D.I. 201). Most of the forty-seven single-

---

[4] Docket Item 198 is also captioned as "Rule 21 Motion," although it is described in the docket as a letter. It is perhaps miscaptioned, but, assuming that it isn't, it too will be denied, as it adds no legal argument to what is in Docket Item 196.

spaced pages of the motion have nothing to do with entry of default, but there is some mention of default and Rules 55(a) & (b) buried in the middle of the motion.  (*Id.* at 39-41).  "Default is entered against Pennsylvania and the United States of America 'and all of its nominal (and official [supervisory]) defendants'; By 'the Acting District Court Clerk'!"  (*Id*. at 40).  To the extent this is a request for an entry of default, it will be denied.  First, neither Pennsylvania nor the United States are named as Defendants.  Second, there has been no showing in or with the motion of proof of timely service.  *See* Fed. R. Civ. P. 4(l)&(m).   Third, while some Defendants were dismissed without prejudice in August 2018, they were dismissed for "for the failure of plaintiff Keith Dougherty to effect service of original process upon these defendants."  (D.I. 147).  The subsequent appeal was dismissed for failure to pay the filing fees.  (D.I. 175 & 179).  Plaintiff cannot relitigate issues that he could have raised in the appeal.

     The fourth motion, which is captioned "Motion to Recuse and Transfer to the 10th Cir." (D.I. 202), is partly moot inasmuch as Judge Conti has recused herself. (D.I. 203).  It will otherwise be denied, since, as to this motion too, Plaintiff made no showing as to why a transfer would be legally possible, let alone in the interest of justice.

     A separate order will be entered.

September 15, 2020                                                                                              /s/ Richard G. Andrews\_\_\_
Date                                                                                                           United States District Judge